OPINION OF THE COURT
James F. Niehoff, J.
This is a motion by defendants Deluxe Van Lines, Inc., and Cosmopolitan Warehouse Corp. to dismiss the cross claim of the defendant Leopold Porrino, Inc.
In or about August of 1976, the plaintiffs stored certain household effects with the movants Deluxe Van Lines, Inc., *466 and Cosmopolitan Warehouse Corp. and purchased an insurance policy with Federal Insurance Co. in the amount of $10,000 insuring said property from any loss or damage. On or about April 14, 1977 a warehouse fire allegedly destroyed plaintiffs’ property. Thereafter, the plaintiffs filed a claim with Federal Insurance Co., Deluxe Van Lines, Inc., and Cosmopolitan Warehouse Corp., which claim was settled in the amount of $10,000 and plaintiffs executed a general release running to Federal Insurance Co., Deluxe Van Lines, Inc., and Cosmopolitan Warehouse Corp. Plaintiffs then commenced this action against Deluxe Van Lines, Inc., Cosmopolitan Warehouse Corp. and Leopold Porrino, Inc., seeking to recover for the same damage and loss.
The plaintiffs’ complaint against the defendants Deluxe and Cosmopolitan is grounded in negligence. The claim against the defendant Leopold Porrino, Inc., is based upon an alleged failure of this defendant, an insurance broker, to provide insurance sufficient to cover plaintiffs for a loss which would possibly occur if plaintiffs’ goods were stored in a public warehouse.
The cross claim of the defendant Leopold Porrino, Inc., seeks both contribution and indemnity from the movants. Based upon the payment of $10,000 by the movants and the execution of a general release by the plaintiffs, the complaint in this action was dismissed as against movants. (See short form order of Mr. Justice Burke, Nov. 30, 1978.)
It is clear that the provisions of section 15-108 of the General Obligations Law preclude a cross claim by defendant Leopold Porrino, Inc., for contribution from the movants and that the defendant Leopold Porrino, Inc., does not seriously argue to the contrary. Rather, it is said defendant’s claim that the cross claim also asserts an action over predicated upon common-law indemnification.
In other words, Leopold Porrino, Inc., claims that it has a right to interpose a claim for indemnity against the movants because of the property damage claimed by the plaintiff. It appears that under the appropriate circumstances such a claim would not be barred by the provisions of section 15-108 of the General Obligations Law (see Riviello v Waldron, 47 NY2d 297) and that the cross claim would have continued efficacy. However, such is not the case at bar.
The defendant, Leopold Porrino, Inc., asserts that there is "a complete distinction between contribution and indemnifica *467 tion” and that the Dole rule (Dole v Dow Chem. Co., 30 NY2d 143) relating to contribution "was not intended to overturn basic principles of common law indemnification between vicariously liable tortfeasors and tortfeasors guilty of the acts or omissions causing them harm.” Thus, the defendant Porrino apparently attempts to portray itself as being a vicariously liable tort-feasor. In Rogers v Dorchester Assoc. (32 NY2d 553, 566) the court gave as examples of "those who are only vicariously liable, as the employer of a negligent employee, the owner of a motor vehicle operated by a negligent driver, or * * * the owner of a building who contracts with an independent contractor exclusively responsible for maintenance of the building or parts of it.” It would seem to the court that defendant Porrino cannot be classified as one who is "only vicariously liable” in this case. Said defendant is being sued for its alleged failure to provide sufficient insurance coverage for the plaintiffs’ goods. If the plaintiffs succeed on their claim against the defendant Leopold Porrino, Inc. (an event which is required before any cross claim could come into play), defendant Porrino will be liable because of its own negligence. It will not be cast in liability because of the other defendants’ negligence for which it is vicariously liable. That being so, defendant Porrino is precluded from common-law indemnity and the cross claim must be dismissed. Even if we resort to the terminology of "active-passive” negligence, the defendant Porrino would be an "active” tort-feasor and, as such, would not be entitled to indemnity.
Accordingly, the cross claim must be dismissed.