*717 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, without costs, and the decision of the Unemployment Insurance Appeal Board reinstated.
Claimant was a hearing officer employed by the State Department of Social Services. He was charged with insubordination, and the matter went to binding arbitration pursuant to the collective bargaining agreement. After a full hearing, the arbitrator found that claimant was guilty of insubordination and approved the penalty of discharge.
Claimant’s subsequent application for unemployment benefits was denied because he was found to have been discharged for misconduct. An administrative law judge, stating that he was bound by the arbitrator’s factual finding of insubordination, concluded that claimant was discharged for misconduct and confirmed the decision to deny claimant’s application.
It is settled that the doctrine of res judicata is applicable to arbitration awards and may serve to bar the subsequent relitigation of a single issue or an entire claim (see Matter of American Ins. Co. [Messinger — Aetna Cas. & Sur. Co.], 43 NY2d 184, 189-190). “Claim preclusion” refers to the bar against relitigating a claim or cause of action (see id., at p 189, n 2). “Issue preclusion” is more limited, barring only the relitigation of a discrete factual or legal issue (see id.).
Claim preclusion is not applicable here. The initial arbitration was concerned with the propriety of claimant’s dismissal whereas the instant controversy focused on claimant’s entitlement to unemployment insurance benefits. The ultimate issues are different, and the latter proceeding was therefore not barred by the former.
Issue preclusion is pertinent, however. In the present controversy, the administrative law judge was specifically concerned with determining whether claimant was guilty of misconduct and, hence, disqualified for benefits (see Labor Law, § 593, subd 3). In making this determination, the question of claimant’s conduct leading to his termination necessarily had to be considered. Claimant’s commis *718 sion of the underlying acts had been decided in the previous proceeding, and claimant was precluded from relitigating this factual issue. The fact of insubordination being established, there was no error in the administrative law judge’s making the legal conclusion that claimant was discharged for misconduct.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order reversed, etc.