■ In the Matter of the Claim of AMARA GUIMARALES, Respondent. NEW YORK CITY BOARD OF EDUCATION, Appellant; LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Levine, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 6, 1984, which ruled that claimant was entitled to receive benefits.

The employer appeals from a decision of the Unemployment Insurance Appeal Board which reversed the finding of the Administrative Law Judge (ALJ) that claimant had lost her job due to misconduct. The record discloses that claimant was employed for 12 years as a cleaning person at a public school. On April 26,

1983, claimant's supervisor, the school custodian, discharged her. He had ordered claimant to clean some glass doors. She replied that she would do so as soon as she had rinsed out and put away her mop. The custodian then fired claimant for "insubordination". The record further discloses that there has been a long history of personality clashes between claimant and the custodian.

Initially, an arbitration hearing was held, pursuant to claimant's desire to be reinstated to her job. The arbitrator noted in his decision that claimant's version of the events leading up to her discharge had been "extremely difficult to understand". (Claimant is Portuguese and does not speak English well.) However, the arbitrator concluded that claimant had been insubordinate and that there had been good cause for her discharge.

Subsequently, in determining her eligibility for unemployment benefits, the ALJ stated that he felt bound by the arbitrator's determination and, following a hearing, held that claimant had lost her job due to misconduct. In the decision appealed from, the Board reversed the ALJ, finding that there was substantial evidence in the record to support claimant's contention that she had not been insubordinate but that, instead, her supervisor had been in an angry frame of mind and had refused to listen to her valid explanations for why she could not instantly obey his orders. The Board also noted in its decision that no interpreter had been appointed for claimant at the arbitration hearing. Since she could only communicate clearly in Portuguese, the result was that her side of the controversy was never clearly presented. The Board concluded that it would not consider itself bound by the arbitrator's decision.

On this appeal, the employer argues that the Board was bound by the arbitrator's findings and so was constrained to find that claimant lost her job due to misconduct. It cites *Matter of Ranni (Ross)* (58 NY2d 715, 717) to support its argument that arbitration awards may constitute collateral estoppel and so serve to bar the subsequent relitigation of an issue.

Initially, we note that the issue of whether the arbitrator's decision should subsequently be given collateral estoppel effect is a factual determination for the Board's resolution, since it involves a determination of, *inter alia,* whether there is an identity of issues raised at the arbitration and at the unemployment insurance proceedings, and whether the claimant received a full and fair opportunity to litigate those issues at the arbitration hearing (*see, Matter of American Ins. Co. [Messinger — Aetna Cas. & Sur. Co.],* 43 NY2d 184). The Board's determination of this factual question, if based on substantial evidence,

must be affirmed by this court (Labor Law § 623; *Matter of Fisher [Levine]*, 36 NY2d 146, 150).

There is substantial evidence in the record presented here to support the Board's decision not to give the arbitrator's determination collateral estoppel effect. First, there was no identity of issues. The question before the arbitrator was whether claimant was guilty of misconduct sufficient to constitute "just cause" for her discharge, while the question before the ALJ was whether claimant was guilty of misconduct sufficient to disqualify her from receiving unemployment insurance benefits. These two questions have repeatedly been held to be different (*Matter of Hulse [Levine]*, 41 NY2d 813, 814; *Matter of Llano [Levine]*, 51 AD2d 620, 621).

Second, the record contains substantial evidence which supports the Board's finding that claimant did not receive a full and fair opportunity to litigate before the arbitrator. As noted above, no interpreter was present at the arbitration hearings to assist claimant in her defense. Accordingly, the Board's determination not to give the arbitrator's decision collateral estoppel effect must be upheld.

Finally, the record supports the Board's determination that claimant did not lose her job due to disqualifying misconduct. Since this decision is also based on substantial evidence, it must be affirmed.

Decision affirmed, without costs. Kane, J. P., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.