■ WILLIAM JENKINS, Respondent, v FINK BAKING CORP., Appellant.—In an action for job reinstatement, back pay and other damages arising out of a claimed wrongful discharge, and breach of a collective bargaining agreement, the defendant Fink Baking Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated December 5, 1984, as, upon reargument, adhered to its previous determination dated September 26, 1984, which denied the defendant's motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint.

Order reversed insofar as appealed from, with costs, order dated September 26, 1984 vacated, motion granted, and complaint dismissed.

The defendant employer correctly asserts that a prior arbitration award, which found simply that the plaintiff William Jenkins was discharged for just cause, was a "final and definite award on the subject matter submitted" *(cf.* CPLR 7511 [b] [1] [iii]), and, thus, pursuant to the principle of res judicata, bars relitigation of the propriety of the discharge *(see, Matter of Ranni [Ross],* 58 NY2d 715). The award did not, however, preclude a relitigation in the Unemployment Insurance Administrative Law Judge Section of the New York State Department of Labor of the circumstances surrounding Jenkins' dismissal, as a "just cause" discharge does not automatically preclude entitlement to unemployment compensation *(see, Matter of Hulse [Levine],* 41 NY2d 813; *Matter of Guimarales [New York City Bd. of Educ.—Roberts],* 109 AD2d 1042). The Administrative Law Judge could determine that the arbitration award was, under the circumstances, not entitled to collateral estoppel effect with respect to the plaintiff's claim for unemployment compensation *(see, Matter of Guimarales [New York City Bd. of Educ.—Roberts], supra).* Thus, contrary to Special Term's reasoning, the Administrative Law Judge's determination that Jenkins was not guilty of the misconduct that was the basis for his discharge went only to his eligibility for unemployment benefits and did not effect the validity of the arbitration award. Accordingly, Special Term should have granted the defendant's motion to dismiss the

complaint. Mangano, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.