OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, and the matter remitted to the Unemployment Insurance Appeal Board for proceedings in accordance with this memorandum. After claimant was fired from the position she had held for *991 12 years as a cleaning person in a public school, an arbitration hearing was held to determine whether she had been insubordinate and whether there was just cause for her dismissal. The arbitrator made various findings of fact as to claimant’s actions, and concluded that she had been insubordinate and that there was just cause for her dismissal.
After an initial determination by the Department of Labor that claimant was ineligible for unemployment insurance benefits because she had lost her job due to "misconduct” (see, Labor Law § 593 [3]), a hearing was held before an Administrative Law Judge (ALJ) to determine claimant’s eligibility for such benefits. The AU stated that he was bound by the arbitrator’s factual determinations as to claimant’s conduct as well as the determination that she had been insubordinate. Given those findings, the ALJ made his independent determination that claimant’s actions "rose to the level of misconduct under the Unemployment Insurance Law.” On appeal, the Unemployment Insurance Appeal Board made its own additional findings of fact and concluded that claimant’s conduct did not constitute misconduct. The Appellate Division affirmed stating that "[tjhere was substantial evidence in the record presented * * * to support the Board’s decision not to give the arbitrator’s determination collateral estoppel effect” (109 AD2d, at p 1044 [emphasis added]). Whether collateral estoppel applies is, however, a question of law turning on the identity of the issues involved and whether there was a full and fair opportunity to litigate the issue in the prior proceeding (Ryan v New York Tel. Co., 62 NY2d 494, 500-505). The standard of review by the Appellate Division of the Appeal Board’s collateral estoppel ruling was, therefore, not substantial evidence (CPLR 7803 [4]) but whether the ruling was affected by an error of law (CPLR 7803 [3]).
The Appellate Division and the Appeal Board erred in not giving collateral estoppel effect to the arbitrator’s factual findings regarding claimant’s conduct and to his conclusion of insubordination (see, Matter of Ranni, 58 NY2d 715). The Appeal Board and the ALJ, although bound by the arbitrator’s factual findings regarding claimant’s conduct and his conclusion of insubordination, were free to make their independent additional factual findings and form their own independent conclusion as to whether such conduct constituted "misconduct” for purposes of unemployment insurance. The Appellate Division’s review of the Appeal Board’s decision on that question after remittitur would then be limited to *992 whether the Board’s conclusion as to "misconduct”, a mixed question of law and fact, had a "rational basis” (see, Matter of Fisher [Levine], 36 NY2d 146).
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
Order reversed, with costs, and matter remitted to the Appellate Division, Third Department, with directions to remand to the Unemployment Insurance Appeal Board for proceedings in accordance with the memorandum herein.