COMMONWEALTH INSURANCE COMPANY, Plaintiff,

v.

THOMAS A. GREENE & COMPANY, INC., and Haddon S. Fraser Associated, Ltd., Defendants.

THOMAS A. GREENE & COMPANY, INC., Third–Party Plaintiff,

v.

NORTH RIVER INSURANCE COMPANY and Crum & Forster Managers Corporation, Third–Party Defendants.

No. 85 Civ. 0912 (RWS).

United States District Court, S.D. New York.

March 20, 1989.

Davis, Markel & Edwards, New York City, for plaintiff; Gregory A. Markel, of counsel.

Mound, Cotton & Wollan, New York City, for defendants; Lawrence S. Greengrass, Renee M. Plessner, of counsel.

Lanzone & Kramer, New York City, for third-party defendants; Myron C. Martynetz, of counsel.

## OPINION

SWEET, District Judge.

Third-party defendants North River Insurance Company ("North River") and Crum & Forster Managers Corporation ("Crum & Forster") have moved pursuant to Rule 12(b)(6) Fed.R.Civ.P. to dismiss the third-party complaint filed by defendant and third-party plaintiff Thomas A. Greene & Company, Inc. ("Greene"). The motion was argued on October 21, 1988 and was considered fully submitted on November 21, 1988. For the reasons set forth below, the motion is granted.

### The Facts and the Amended Complaint

As set forth in the amended complaint (the "Amended Complaint") of plaintiff Commonwealth Insurance Company ("Commonwealth"), on or about October 1, 1981, Commonwealth underwrote 1.87% or $1,350,000 of policy number WU–456 (the "Policy") to Western Union Corporation ("Western Union") covering the launch and life of several Westar satellites. On or about January 28, 1982, Commonwealth entered into a reinsurance agreement with North River, through its underwriting agent Crum & Forster, reinsuring Commonwealth's participation in the Policy for $250,000. Commonwealth placed the North River reinsurance through defendant Haddon S. Fraser Associated Ltd. ("Haddon Fraser"), who in turn placed it through Greene, Commonwealth's reinsurance intermediary.

In April 1983, the launch vehicle for one of the satellites, the Westar VI, was changed from a Delta 3910 to a Shuttle STS. Haddon Fraser, Greene, North River, and Crum and Forster received notice of the change. North River and Crum & Forster declined to accept the change in launch vehicle on the grounds that the change increased or extended North River's liability and notified Greene of its refusal. Commonwealth's Amended Complaint alleges that Haddon Fraser and Greene failed to advise Commonwealth of North River's declination and failed to provide a replacement for the North River reinsurance.

On February 3, 1984, Westar VI failed to achieve proper orbit and was declared a total loss, in accordance with the Policy. Commonwealth, pursuant to its participation in the Policy, paid $1,350,000 to Western Union. Although demand was made, North River and Crum & Forster did not reimburse Commonwealth for $250,000.

Commonwealth brought a lawsuit against North River, Crum & Forster, Greene, and Haddon Fraser to recover the $250,000. Greene answered the complaint and cross-claimed against Fraser. Fraser answered and cross-claimed against Greene. North River and Crum & Forster filed a motion to compel arbitration in line with the arbitration clause in their reinsurance certificate. An arbitration was held between Commonwealth, North River and Crum & Forster. Pending conclusion of the arbitration, litigation in this action was stayed.

On March 26, 1986, the arbitration panel unanimously decided three issues: that the loss of $250,000 suffered by Commonwealth was not an obligation that could be transferred to North River and/or Crum & Forster; that the change in launch rockets increased or extended North River's liability, allowing it to decline coverage of Westar VI; and that North River's notice to Commonwealth's reinsurance intermediary, Greene, was sufficient to effect declination of coverage of Westar VI. Thereafter, Commonwealth moved for leave to file an amended complaint and to dismiss the action against North River and Crum and Forster. The motion was granted and the Amended Complaint was filed naming Greene and Haddon Fraser as defendants.

In Count I of the Amended Complaint, Commonwealth charges Greene with negligent failure to maintain reinsurance coverage for Commonwealth or, in the alternative, with negligent failure to advise Commonwealth of North River and Crum & Forster's declination of coverage. Count II charges Greene with breach of contract for failure to maintain reinsurance on behalf of Commonwealth. Count III charges Greene with breach of warranty, and Count IV charges Greene with breach of fiduciary

duty. In Counts V through VIII, Commonwealth charges Haddon Fraser with these same violations. Commonwealth claims that it was damaged in the amount of $250,000.

Greene's first cause of action in its third-party complaint seeks indemnification from North River and Crum & Forster for each of the four charges of the Amended Complaint. The second cause of action in the third-party complaint seeks contribution on the basis of proportionate responsibility in negligence or culpable conduct.

*F.R.Civ.P. 12(b)(6)*

On a motion to dismiss a complaint pursuant to 12(b)(6), the factual allegations in the pleadings must be accepted as true. *Dwyer v. Regan*, 777 F.2d 825, 828–29 (2d Cir.1985). Further, the pleadings must be construed liberally, and the court must consider all allegations in the light most favorable to the pleader. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). A motion to dismiss should not be granted unless it appears certain that the pleader is entitled to no relief under any set of facts which could be proved in support of the claim. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

*Preclusive Effect of the Arbitration*

North River, Crum & Forster and Commonwealth argue that Greene is precluded from bringing this suit against North River and Crum & Forster because the causes of action charged in the third-party complaint are the same issues decided at the arbitration between Commonwealth, North River and Crum & Forster, and Greene is precluded from relitigating them.

As the Court of Appeals for the Second Circuit has noted, " '[c]ollateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party *or his privy* and of promoting judicial economy by preventing needless litigation.' " *Norris v. Grosvenor Marketing Ltd.*, 803 F.2d 1281,

1286 (2d Cir.1986) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979)) (emphasis added). Collateral estoppel applies as well to arbitration awards as to judicial adjudications, *Compton v. D'Amore*, 101 A.D.2d 800, 475 N.Y.S.2d 463, 466 (2d Dep't 1984); *American Insurance Co. v. Messinger*, 43 N.Y.2d 184, 401 N.Y.S.2d 36, 39, 371 N.E.2d 798, 801–02 (1977), and thus may bar the relitigation of an issue decided at an arbitration. *See Matter of Ranni*, 58 N.Y.2d 715, 458 N.Y.S.2d 910, 444 N.E.2d 1328 (1982). To invoke the principle of collateral estoppel, "it must be shown that the party against whom collateral estoppel is sought to be invoked had been afforded a full and fair opportunity to contest the decision ...," and the issue in the prior action must be identical to the issue in the current action. *Gramatan Home Investors Corp. v. Lopez*, 46 N.Y.2d 481, 486, 414 N.Y.S.2d 308, 311, 386 N.E.2d 1328, 1331 (1979); *Schwartz v. Public Administrator*, 24 N.Y.2d 65, 298 N.Y.S.2d 955, 960, 246 N.E.2d 725, 729 (1969).

Greene is estopped from relitigating the issues decided in the arbitration because it was in privity with Commonwealth. *See Norris*, 803 F.2d at 1286; *B.R. DeWitt, Inc. v. Hall*, 19 N.Y.2d 141, 278 N.Y.S.2d 596, 225 N.E.2d 195 (1967); *Tolley v. American Transit Insurance Co.*, 638 F.Supp. 1191, 1194 (S.D.N.Y.1986); *Gramatan Home Investors Corp.*, 414 N.Y.S. 2d at 311, 386 N.E.2d at 1331–32. In determining whether privity existed sufficiently to bind Greene to the arbitration, it is important to note that the doctrine of privity "is to be applied with flexibility." *Amalgamated Sugar Co. v. NL Industries, Inc.*, 825 F.2d 634, 640 (2d Cir.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 511, 98 L.Ed. 2d 511 (1987), citing *United States v. ITT Rayonier, Inc.*, 627 F.2d 996, 1003 (9th Cir.1980). Here, based on Greene's fiduciary duty of utmost good faith to each of the parties of the reinsurance relationship, the relationship between Greene and Commonwealth is "sufficiently close to support a finding of privity and thus to preclude

... [Greene's] relitigation of ... [the] issue." *Amalgamated* 825 F.2d at 640.

█ The existence of privity between Commonwealth and Greene is further demonstrated by the fact that Commonwealth represented Greene's interests in the arbitration. *See Compton v. D'Amore*, 475 N.Y.S.2d at 466. ("[p]arties in privity include those whose interests are represented by a party to the first proceeding."); *Baldwin v. Brooks*, 83 A.D.2d 85, 443 N.Y.S.2d 906, 908 (1981) ("the connection between the parties to be found in privity must be such that the interests of the non-party were effectively represented [at the arbitration]). *Cf. Amalgamated Sugar Co.*, 825 F.2d at 640 ("a finding of privity between a shareholder and the corporation depends on whether, under the circumstances, the interests of the non-party were adequately represented). The Supreme Court has stated that a non-party may be bound by litigation if the party litigating represented the interests of the non-litigating party on issues which are the subject of their fiduciary relationship. *Sea–Land Services, Inc. v. Gaudet*, 414 U.S. 573, 593–94, 94 S.Ct. 806, 819, 39 L.Ed.2d 9, *reh'g denied*, 415 U.S. 986, 94 S.Ct. 1582, 39 L.Ed.2d 883 (1974). *See also Amalgamated*, 825 F.2d at 641. Here, the subject matter of the arbitration was the Commonwealth–North River reinsurance relationship for which Greene was the intermediary, and this reinsurance is the issue which created fiduciary duties. Thus, Greene is bound by the arbitration.

Finally, Commonwealth fully and fairly represented Greene's interests, for during the Westar VI arbitration, Commonwealth attempted to prove that North River was liable for the $250,000 loss suffered by Commonwealth as a result of North River's declination of coverage. According to the affidavit of Robin Landis, a Cravath, Swaine & Moore associate, Commonwealth's position in the arbitration was that North River did not have the right to decline reinsurance coverage and that North River's notice to Greene was insufficient to decline coverage. In the third party complaint, Greene's theory is identical to that of Commonwealth in the Westar arbitration, which was expressly rejected by the arbitrators. Therefore, Greene is bound by Commonwealth's arbitration of the particular issues decided by the arbitration panel, so the third party complaint must be dismissed for failure to state a claim upon which relief can be granted.

*Indemnification and Contribution*

█ Even if the arbitration of the claims between Commonwealth and North River and Crum & Forster did not have preclusive effect, Greene's third party complaint would still have to be dismissed for failure to state a cause of action. As for the claim of indemnification, a duty to indemnify is created only by express or implied contract. *See Smith v. Hooker Chemical & Plastics Corp.*, 83 A.D.2d 199, 443 N.Y.S.2d 922, 924 (4th Dep't 1981); *Poling Transportation Corporation, et. al., v. the United States*, 613 F.Supp. 1319 (E.D.N.Y.1986). There was no express contract between Greene and North River and/or Crum & Forster, and the pleadings do not set forth facts from which a claim for common law indemnity can be implied.

█ To maintain a cause of action for common law indemnity, the party seeking indemnity must show that the proposed indemnitor owed it a duty to perform the act in question. *Ramirez v. National Railroad Passenger Corp.*, 576 F.Supp. 95, 99 (S.D.N.Y.1983); *Smith v. Hooker Chem. & Plastics Corp.*, 83 A.D.2d 199, 443 N.Y.S.2d 922, 924 (4th Dep't.1981). Greene is not entitled to common law indemnification from North River or Crum & Forster because it is being sued for its own negligence, breach of contract, breach of warranty and breach of fiduciary duties, not for actions of North River or Crum & Forster. The actions and acts upon which Commonwealth seeks recovery are those of Greene and Greene alone, and no common law duty of indemnification exists. *See Gorin v. Deluxe Van Lines, Inc., et. al.*, 101 Misc.2d 465, 421 N.Y.S.2d 157 (1979). Thus, Greene is precluded from common law indemnification, and the first cause of

action in the third party complaint must be dismissed.

■ Similarly, there is no basis for a claim of contribution. The theory of contribution between two joint tort-feasors applies when joint tort-feasors have shared in the responsibility by their conduct or omissions in causing an accident, in violation of the duties they respectfully owed to the injured person. *See Rogers v. Dorchester Associates,* 32 N.Y.2d 553, 347 N.Y.S.2d 22, 300 N.E.2d 403; *Dole v. Dow Chemical Company,* 30 N.Y.2d 143, 331 N.Y.S.2d 382, 282 N.E.2d 288 (1972). The essential requirement of the claim is that both the third-party plaintiff and the third-party defendant share responsibility for an injury in violation of duties they respectively owe to the injured person. *Tri-Ex Enterprises, Inc. v. Morgan Guaranty Trust Company of New York,* 586 F.Supp. 930, 933 (S.D.N.Y.1984).

However, there is no claim that Greene and the third party defendants are joint tort-feasors. The duties, acts and omissions with which Greene is charged in the Amended Complaint are different from those of which Greene accuses North River and/or Crum & Forster, so in no sense did North River and Crum & Forster contribute to damages to Commonwealth caused by Greene.

*Conclusion*

For the reasons set forth above, Greene's third party complaint is dismissed for failure to state a cause of action.

Submit order on notice.

It is so ordered.