■ In the Matter of the Claim of CHARLES LESTER, Respondent. ILION WATER COMMISSION, Appellant; THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Mercure, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 25, 1988, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant was employed as a water treatment plant trainee by the Ilion Water Commission. On November 11, 1986, when claimant was assigned the duties of "holiday duty person", he traveled some 20 miles away from the area of his employment to play in a hockey game. Charges were brought pursuant to Civil Service Law § 75 and a hearing was conducted. The Hearing Officer determined that claimant was guilty of "dere-

liction of duty" and recommended the penalty of dismissal. The employer adopted the Hearing Officer's findings and recommendations and dismissed petitioner from his employment. Upon administrative appeal (see, Civil Service Law § 76), the Herkimer County Civil Service Commission affirmed.* After claimant's discharge, he made application for unemployment insurance benefits. An initial determination denying benefits due to loss of employment through misconduct was ultimately reversed by the Unemployment Insurance Appeal Board which found, inter alia, that claimant's loss of employment was not due to misconduct. The self-insured employer appeals, contending that, under the doctrine of collateral estoppel, the Board was bound by the administrative determination of the Civil Service Commission that claimant was guilty of misconduct in his employment.

This court has previously determined that the Unemployment Insurance Appeal Board must give collateral estoppel effect to decisions of the Civil Service Commission when there is an identity of issue (Matter of Barton [New York City Human Resources Admin.—Ross], 81 AD2d 691, 692). However, even if the requisite identity of issue is found, the Civil Service Hearing Officer's determination of dereliction of duty will not compel a finding that claimant is disqualified from receiving unemployment insurance benefits. Although the Administrative Law Judge and the Board must give collateral estoppel effect to the Hearing Officer's factual findings regarding claimant's conduct and his conclusion of dereliction of duty, they need not give collateral estoppel effect to the "ultimate" finding of misconduct (Matter of Engel v Calgon Corp., 114 AD2d 108, 110-111, affd 69 NY2d 753; see, Matter of Guimarales [New York City Bd. of Educ.—Roberts], 68 NY2d 989, 991; Matter of Ranni [Ross], 58 NY2d 715, 717-718).

In his detailed decision, the Civil Service Hearing Officer found the relevant rule of the employer to be that "employees performing the function of on-call duty persons are required to be readily available to respond to emergency calls"; that the rule was reasonably understood by the employees, including claimant; that the location of the hockey game was "a

---

* Both parties allege in their briefs that petitioner appealed his dismissal to the Herkimer County Civil Service Commission, which affirmed in full the employer's determination. The decision of the Herkimer County Civil Service Commission and the papers upon which it was based have not been made a part of the record on appeal. Our analysis presumes, however, that the Civil Service Commission adopted the findings of the Hearing Officer and made no additional findings of its own.

considerable distance away from, and in excess of, the generally understood geographical limitations of travel placed on workers who are performing as on-call duty workers"; that the time expended in playing hockey, changing first into a uniform and later into street clothes and travel to and from the arena, resulted in "[claimant] being away from the acceptable 'on-call area' for a very substantial portion of time during his 'on-call' duty"; and that claimant's actions were inexcusable and in dereliction of his duties as the paid on-call person. The Hearing Officer concluded: "Based upon the evidence adduced in the record, I find that [claimant's] actions amounted to a callous disregard of his duty. Regardless of whether or not an emergency occurred during his hockey playing sojourn * * * [claimant], while being paid to 'be available', chose to leave the entire water distribution system at risk. He had an important responsibility to deal with and, by chancing it, totally ignored his duty."

The Board, while conceding that it was bound by the "facts [found by the Hearing Officer] insofar as they are pertinent to the issues before [it]", made the following findings: "The credible evidence thus establishes that claimant knew that he was to remain within beeper distance of the city. The evidence also establishes that he was not instructed in unequivocal terms what that distance was. On November 11, 1986, claimant was approximately twenty miles from his home when attempts to 'beep' him were unsuccessful. The evidence fails to establish that this was an unreasonable distance and one which claimant should have known was outside beeper range. He took reasonable steps on November 11 to further ensure that he would receive emergency messages while at the rink. Under these circumstances, we conclude that claimant's loss of employment was not due to misconduct."

The issue distills to whether the Board made "independent additional factual findings" and formed its own "independent conclusion as to whether such conduct constituted 'misconduct' for purposes of unemployment insurance" or, instead, impermissibly substituted its findings for those of the Hearing Officer (Matter of Guimarales [New York City Bd. of Educ.— Roberts], supra, at 991). In our view, the Board's findings of fact impermissibly contradicted those of the Civil Service Hearing Officer. Claimant's contention that the employer's rule was satisfied by maintaining a means of contact by beeper or telephone was addressed and specifically rejected by the Hearing Officer. Whether claimant was within beeper range or in a location where he could be reached on the

telephone was irrelevant if at the time of contact he was too far away from the Village of Ilion, Herkimer County, to readily respond to an emergency. To underscore the fallacy of claimant's argument, the Hearing Officer stated: "If telephone availability was the only benchmark of the rule, arguably then, an on-call person who chose to visit Albany or Buffalo could still claim to be available 'by telephone' to answer emergencies and, thereby, remain in compliance with the rule. I find such an argument to lack merit since it confuses the issue of 'availability to respond to emergency calls', i.e., to be able to do something with mere 'availability to answer such calls'." The Board, essentially adopting claimant's fallacious argument, was similarly confused. The decision of the Board should, therefore, be reversed and the matter remitted to the Board for reconsideration upon appropriate findings.

Decision reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this court's decision. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.