■ In the Matter of the Claim of PHILIP R. BARRESI, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [648 NYS2d 179] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 10, 1995, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant, a Deputy Sheriff Sergeant, was terminated from his position due to his careless safekeeping of a personally owned firearm. A hearing concerning claimant's application for unemployment insurance benefits was subsequently held before an Administrative Law Judge (hereinafter ALJ). The ALJ gave collateral estoppel effect to the findings of the Hearing Officer who presided over a Civil Service Law § 75 hearing and concluded that claimant was disqualified from receiving benefits because he had been terminated for misconduct. The Board affirmed the ALJ's decision. Claimant contends that his behavior did not rise to the level of misconduct such as to disqualify him from receiving unemployment insurance benefits.

The facts are not in dispute. Claimant testified that he misplaced his personally owned revolver on a shelf in his home and was unable to locate it for almost a year. The Hearing Officer who presided over the Civil Service Law § 75 hearing found that such behavior constituted gross misconduct warranting his discharge. While the Board was required to give collateral estoppel effect to the factual findings of the Hearing Officer, it was incumbent on the Board to draw its own conclusion as to whether claimant's behavior amounted to misconduct for purposes of qualifying for unemployment insurance benefits (*see, Matter of Guimarales [New York City Bd. of Educ.— Roberts]*, 68 NY2d 989, 991; *Matter of Lester [Ilion Water*

*Commn.—Hartnett]*, 149 AD2d 880, 881). In the instant case, the Board affirmed the decision of the ALJ who blindly adopted the conclusion of the Hearing Officer that claimant was terminated for "gross misconduct" as the basis for disqualifying him from receiving unemployment insurance benefits. Since an independent assessment of claimant's entitlement to benefits was never undertaken by the Board, its decision must be reversed and the matter remitted to the Board for this purpose.

Cardona, P. J., Crew III, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.