■ In the Matter of the Claim of JAY SCHIENBERG, Appellant. QUEENS BOROUGH PUBLIC LIBRARY, Respondent; COMMISSIONER OF LABOR, Respondent. [692 NYS2d 860] —Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed August 21, 1997, which, *inter alia*, ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct, and (2) from a decision of said Board, filed December 2, 1998, which, *inter alia*, upon reconsideration, adhered to its prior decision.

Claimant was employed as an office aide by the Queens Borough Public Library until he was discharged for violating the employer's policy against sexual harassment. Following his

dismissal, claimant filed for and began receiving unemployment insurance benefits. However, in a decision filed August 21, 1997, the Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving benefits because he lost his employment due to misconduct and charged him with a recoverable overpayment of benefits. Claimant filed a notice of appeal from that decision[1] and also requested the Board to reconsider it in light of an arbitrator's decision issued following an arbitration hearing wherein claimant was given a full and fair opportunity to litigate the issues. The arbitrator found that claimant's behavior was "wrongful" but concluded that the penalty of termination was too severe insofar as the employer failed to follow the progressive disciplinary procedure set forth in its collective bargaining agreement.[2] The Board granted claimant's request for reconsideration and adhered to its prior decision, noting that the arbitrator's findings of fact were consistent with its own as to claimant's behavior.

We affirm. Substantial evidence supports the conclusion that, under the circumstances presented in this matter, claimant was guilty of disqualifying misconduct (see, Matter of Weiss [Sweeney], 232 AD2d 672). It is well settled that offensive behavior in the workplace can constitute disqualifying misconduct (see, Matter of Krupa [Sweeney], 236 AD2d 772), as can "[e]mployee behavior that is detrimental to the employer's interest" (Matter of Cohen [Commissioner of Labor], 255 AD2d 862). Here, the Board properly took into account the arbitrator's factual findings regarding the events which led to claimant's dismissal and then went on to reach its own conclusion as to whether claimant's behavior constituted misconduct under the Labor Law (see, Matter of Douglas [Hartnett], 143 AD2d 458, 459). Contrary to claimant's argument, the Board was correct in ruling that it was not bound by the arbitrator's separate and unrelated determination that claimant's conduct was not sufficiently egregious to justify a deviation from the disciplinary procedures set forth in the collective bargaining agreement (see, Matter of Ranni [Ross], 58 NY2d 715, 717).

Cardona, P. J., Mikoll, Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the decisions are affirmed, without costs.

---

**1.** Although the employer asserts that claimant did not timely appeal the August 21, 1997 decision, we reject this claim inasmuch as the notice of appeal is dated August 23, 1997 and is stamped that it was received by the Board on September 3, 1997. We additionally find that claimant's appeal from the Board's subsequent December 2, 1998 decision is properly before us.

**2.** Despite this conclusion, the arbitrator did not recommend that claimant be reinstated, but rather recommended, inter alia, that claimant be awarded a certain amount of back pay.