■ In the Matter of the Claim of SEAN STANTON, Appellant. COMMISSIONER OF LABOR, Respondent. [713 NYS2d 242] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 10, 1999, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was discharged from his employment as a mail processor for altering a note from his wife's physician in order to support his claim that he needed to be out of work to care for her. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving benefits because he lost his employment due to misconduct. Thereafter, the Board granted claimant's request to reopen and remitted the matter for a further hearing to consider an arbitrator's decision which converted claimant's discharge into a lengthy suspension. The Board ultimately adhered to its prior decision, noting that the arbitrator's findings of fact as to claimant's behavior were substantially the same as its original findings and did not alter its conclusion that claimant was discharged for misconduct.

We affirm. Substantial evidence supports the conclusion that, under the circumstances presented to the Board, claimant was guilty of disqualifying misconduct (see, Matter of Schienberg [Queens Borough Pub. Lib.—Commissioner of Labor], 263 AD2d 693). It is well settled that submission of falsified or altered documentation to an employer may constitute misconduct (see, Matter of Quackenbush [Korman Sales Agency—Sweeney], 241 AD2d 653), as can "[e]mployee behavior that is detrimental to the employer's interest" (Matter of Cohen [Commissioner of Labor], 255 AD2d 862). Here, it is apparent that "the Board properly took into account the arbitrator's factual findings regarding the events which led to claimant's dismissal and then went on to reach its own conclusion as to whether claimant's behavior constituted misconduct under the Labor Law" (Matter of Schienberg [Queens Borough Pub. Lib.—Commissioner of Labor], supra, at 694). Thus, we find no reason to disturb the Board's decision.

Mercure, J. P., Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.