(October 25, 2001)

■ Carlson Sam, Appellant, v Metro-North Commuter Railroad et al., Respondents. [731 NYS2d 459] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered on or about June 26, 2000, which granted plaintiff's motion for reargument, and upon reargument, adhered to the court's prior determination precluding plaintiff from seeking recovery for loss of income from his Metro-North employment, unanimously affirmed, without costs.

Plaintiff, an employee of Metro-North Commuter Railroad (Metro-North), was discharged from his employment for conduct unbecoming a Metro-North employee and failing to comply with a lawful order of a Metro-North police officer. As determined by the Special Board of Adjustment, which reviewed the administrative tribunal's trial and determination, the incident at issue took place on September 8, 1990 at Grand Central Terminal while plaintiff was on duty as a Metro-North employee.

At the time in question, plaintiff left his assigned post in the terminal to check his car, which was parked on the street. While outside, he became involved in an altercation with a

homeless man whom plaintiff believed had stolen his car radio. The altercation, in which both plaintiff and the homeless man brandished weapons, spilled over into the terminal and into the track area of the station.

The Metro-North police were summoned and, during the incident, plaintiff refused a direct order by Officer Barreto to lay down a four-foot wooden club. As a result, Barreto physically removed the weapon from plaintiff's control, wrestled him to the ground, and arrested him.

Based upon this factual scenario, the Special Board of Adjustment concluded that plaintiff was properly terminated from his employment. In reaching this conclusion, the Board noted multiple bases for plaintiff's termination, including that he left his assigned post, engaged in a violent altercation, refused a police officer's order to lay down his weapon, and engaged in conduct requiring his forcible arrest. The Board further noted that termination was warranted since plaintiff, who only had three years seniority, had already been disciplined several times previously.

Notwithstanding the evidence supporting his dismissal, plaintiff commenced the instant action against Officer Barreto and Metro-North asserting claims of assault, false arrest, false imprisonment, malicious prosecution, defamation, as well as a 42 USC § 1983 civil rights claim. The central focus of these claims concerned plaintiff's allegation that Barreto's testimony before the administrative tribunal was false.

In determining defendant's subsequent preclusion motion and plaintiff's motion to reargue the court's decision on that motion, Supreme Court held that plaintiff was collaterally estopped from seeking as damages lost wages emanating from his employment at Metro-North. We agree.

The doctrine of collateral estoppel " 'precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party * * * whether or not the tribunals or causes of action are the same' (*Ryan v New York Tel. Co.*, 62 NY2d 494, 500; *see also, Burgos v Hopkins*, [14 F3d 787, 792]). The doctrine applies if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action (*Ryan v New York Tel. Co., supra*, at 500-501)" (*Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 349). Applying these principles to the instant case, plaintiff's claim for lost wages is barred.

As is readily evident, the central issue at plaintiff's adminis-

trative trial concerned the circumstances of plaintiff's altercation as well as his subsequent arrest. Based upon these factual circumstances, as previously noted, the Special Board of Adjustment concluded that termination of plaintiff's employment was warranted. In view of this, the factual predicate necessary to support a claim for lost wages as an element of damages has already been determined adversely to plaintiff and may not be relitigated in this action (see, Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, supra; Matter of Guimarales [New York City Bd. Of Educ.—Roberts], 68 NY2d 989; Ryan v New York Tel. Co., 62 NY2d 494, supra; Matter of Ranni [Ross], 58 NY2d 715).

Notwithstanding this, plaintiff asserts that the determination of the Special Board of Adjustment should not be given preclusive effect because he was denied a full and fair opportunity to litigate the relevant issues at his administrative trial. This claim is without merit.

As to plaintiff's assertions concerning the lack of counsel, it is true that he was not represented by counsel at his administrative trial. However, this is but one factor to consider in determining the preclusive effect of the prior determination (see, Ryan v New York Tel. Co., supra at 503-504). Here, the absence of counsel is not determinative since plaintiff was represented by a union official whose competence and experience were amply demonstrated by the trial record (see, id.). This official thoroughly questioned the various witnesses, raised appropriate objections, and requested a continuance to present additional witnesses, a request that was granted.

As to the alleged lack of discovery, plaintiff's contention that the trial officer denied his request for the names of officers who participated in his arrest does not appear in the transcript of plaintiff's administrative trial, or anywhere else for that matter. Plaintiff's present claim of error, therefore, is not preserved for our consideration.

In any event, at this juncture, with discovery having been conducted in this action, plaintiff is unable to point to any meaningful evidence that calls into doubt the determination of the Special Board of Adjustment. At best, plaintiff points to the current deposition testimony of Officer Heagle who, it is claimed, testified that plaintiff complied with Officer Barreto's second request to drop his weapon. As to this, we make two observations. First, the actual deposition testimony of Heagle is not part of the record. Hence, plaintiff has failed to provide this Court with an opportunity to assess the relevance, if any, of Heagle's testimony. Second, even if it were annexed, Hea-

gle's variance in the factual account is without significance. The testimony of Officer Barreto concerning plaintiff's arrest was supported by the testimony of at least one other disinterested witness who indicated that Barreto physically removed plaintiff's weapon from his possession.

While the foregoing analysis raises an issue of the viability of plaintiff's complaint (*see, Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, *supra*; *Ryan v New York Tel. Co.*, 62 NY2d 494, *supra*), we do not reach the issue as it has not been presented to the Court. We have examined plaintiff's remaining contentions and find them to be without merit. Concur—Sullivan, P. J., Tom, Lerner, Buckley and Friedman, JJ.