■ In the Matter of the Claim of PIUS C. NWAOZOR, Appellant. CITY OF NEW YORK, Respondent; COMMISSIONER OF LABOR, Respondent. [918 NYS2d 758]—

Claimant worked for the employer for 17 years, most recently as a supervisor for the Department of Homeless Services. His employment was terminated in October 2006 for sexual harassment. After claimant applied for unemployment insurance benefits, the Department of Labor issued an initial determination finding that he was disqualified from receiving benefits because he lost his employment through misconduct. Ultimately, the Unemployment Insurance Appeal Board sustained the initial determination. Claimant now appeals.

We affirm. Claimant's sole contention is that, where the arbitrator found that claimant was guilty of certain charges but termination was unwarranted, the Board was bound to give that determination collateral estoppel effect. While the Board is required to recognize an arbitrator's factual findings regarding a claimant's conduct, it is incumbent upon the Board to make an independent evaluation as to whether that conduct constitutes "misconduct" for the purposes of unemployment insurance (see Matter of Guimarales [New York City Bd. of Educ.—Roberts], 68 NY2d 989, 991 [1986]; Matter of Eustace [Suffolk County Sheriff's Off.—Commissioner of Labor], 52 AD3d 1140 [2008]; Matter of Stanton [Commissioner of Labor], 275 AD2d 844 [2000]). Here, the arbitrator found that claimant sexually harassed a client and that suspension without pay was appropriate. Such behavior was detrimental to the employer's interest and, therefore, the Board's decision disqualifying claimant from receiving benefits due to misconduct was rationally based (see Matter of Guimarales [New York City Bd. of Educ.—Roberts], 68 NY2d at 991-992; Matter of Czosek [Cheektowaga-Sloan Union Free School Dist.—Commissioner of Labor], 71 AD3d 1359, 1360 [2010]; Matter of Velez [Commissioner of Labor], 70 AD3d 1100, 1100-1101 [2010]).

Mercure, J.P., Spain, Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.