Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 29, 2011, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.
Claimant, a former parole officer, was initially suspended without pay from her employment after she was arrested and charged with filing a false police report.* The employment matter went to arbitration and, following a full evidentiary hearing, the arbitrator found that claimant filed a police report falsely accusing another person of stalking her. The arbitrator concluded that the penalty of termination was appropriate and claimant was thereafter fired by the employer. The Unemployment Insurance Appeal Board thereafter denied her claim for unemployment insurance benefits on the basis that she lost her employment through misconduct. Claimant appeals.
We affirm. Inasmuch as “there was a full and fair opportunity to litigate the issue in the prior proceeding,” collateral estoppel effect must be given to the arbitrator’s factual findings regarding claimant’s misconduct (Matter of Guimarales [New York City Bd. of Educ. — Roberts], 68 NY2d 989, 991 [1986]; see Matter of Ranni [Ross], 58 NY2d 715, 717-718 [1982]). Here, upon our review, we conclude that “the Board properly took into account the arbitrator’s factual findings regarding the events which led to claimant’s dismissal and then went on to reach its own conclusion as to whether claimant’s behavior constituted [disqualifying] misconduct under the Labor Law” (Matter of Schienberg [Queens Borough Pub. Lib. — Commissioner of Labor], 263 AD2d 693, 694 [1999]; see Matter of Nwaozor [City of New York — Commissioner of Labor], 82 AD3d 1475 [2011]). *792 Since, based on the record before us, substantial evidence supports the Board’s conclusion that claimant engaged in disqualifying misconduct (see Matter of Stanton [Commissioner of Labor], 275 AD2d 844 [2000]), we find no basis to reverse.
The remaining arguments advanced by claimant have been considered and found to be unpersuasive.
Mercure, J.P., Spain, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.

 The class A misdemeanor charge of making a punishable false written statement (see Penal Law § 210.45) was ultimately disposed of by an adjournment in contemplation of dismissal.