◼ In the Matter of the Claim of IRINA MORDUKHAYEV, Appellant. COMMISSIONER OF LABOR, Respondent. [961 NYS2d 349]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 13, 2011, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant worked as a room attendant at a hotel for approximately 10 years. After reviewing the hotel's lost property reports, the Director of Security suspected that claimant might be taking the items. As a result, he hired an outside surveillance company to set up video cameras in a room assigned to claimant, and he placed a mobile telephone equipped with a

GPS tracking device in the room. The resulting videotape showed claimant remove the telephone from the charger and then disappear from the view of the camera with the telephone in hand. The GPS indicated that the telephone was taken from the hotel at the same time that claimant left, and it later detected the telephone near claimant's residence.

Claimant's employment was thereafter terminated for theft. She contested her discharge under the collective bargaining agreement and, following a hearing, an arbitrator concluded that there was just cause for her termination. She applied for unemployment insurance benefits, but was disqualified from receiving them on the ground that her employment had been terminated due to misconduct. This determination was upheld by an Administrative Law Judge and later by the Unemployment Insurance Appeal Board. Claimant now appeals.

Where a claimant has had a full and fair opportunity to litigate the issue of the conduct precipitating termination in an arbitration proceeding, the arbitrator's factual findings must be accorded collateral estoppel effect (*see Matter of Redd [Commissioner of Labor]*, 98 AD3d 791, 791 [2012], *lv denied* 20 NY3d 857 [2013]; *Matter of Bishop [New York City Human Resources Admin.—Commissioner of Labor]*, 282 AD2d 924, 924 [2001]). It is incumbent upon the Board, however, to make an independent assessment as to whether such conduct constitutes misconduct for purposes of qualifying for unemployment insurance benefits (*see Matter of Nwaozor [City of New York—Commissioner of Labor]*, 82 AD3d 1475, 1475 [2011]; *Matter of Eustace [Suffolk County Sheriff's Off.—Commissioner of Labor]*, 52 AD3d 1140 [2008]). Here, it was established that claimant was represented at the arbitration hearing and had ample opportunity to participate therein. Inasmuch as she had a full and fair opportunity to litigate the conduct providing the basis for her dismissal, the Board properly gave collateral estoppel effect to the arbitrator's factual findings that claimant removed the telephone from the charger in the room and did not disclose to management that she had found it, and further that the telephone left the hotel premises when claimant did and was later located near her home. From this, the Board reasonably inferred that claimant took the telephone without authorization, providing substantial evidence for its determination that claimant was guilty of misconduct, disqualifying her from receiving unemployment insurance benefits (*see Matter of Dit [Commissioner of Labor]*, 98 AD3d 1183, 1183 [2012]; *Matter of Zaydman [Roman Roytberg, Inc., P.C.—Commissioner of Labor]*, 87 AD3d 1192, 1193 [2011]). In view of this, we decline to disturb the Board's decision.

Mercure, J.P., Lahtinen, Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.