Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 10, 2012, which ruled that claimant was entitled to receive unemployment insurance benefits.
Claimant, a school custodian, was charged under Civil Service Law § 75 with misconduct, incompetence and insubordination. Following a hearing, he was found guilty of misconduct and insubordination as the result of numerous incidents, including that he slept on duty in February 2009 and used vacation days in May 2010 without giving proper notice or obtaining authorization to do so. The Hearing Officer further determined that claimant had committed misconduct and insubordination as a result of his conduct after being served with the initial charges against him in July 2010, namely, by verbally abusing his supervisor and failing to immediately leave the premises after being directed to do so. Noting that claimant had violated a 2007 “last chance” agreement specifying that dismissal was appropriate if he engaged in any future misconduct, the Hearing Officer recommended that he be discharged. Claimant was thereafter terminated from his position, and he then applied for unemployment insurance benefits. The Unemployment Insurance Appeal Board determined that claimant’s behavior did not rise to the level of disqualifying misconduct and awarded benefits. The employer now appeals.
We reverse. While the Board was free to make “independent additional factual findings” and draw its own independent conclusion as to whether claimant’s behavior rose to the level of disqualifying misconduct for purposes of entitlement to unemployment insurance benefits, it was also bound by the Hearing Officer’s “factual findings regarding claimant’s conduct and his conclusion” that claimant had been insubordinate (Mat *1035 ter of Guimarales [New York City Bd. of Educ. — Roberts], 68 NY2d 989, 991 [1986]; see Matter of Guynup [County of Clinton — Commissioner of Labor], 106 AD3d 1357, 1358 [2013]). Despite the fact that “the question of claimant’s conduct leading to his termination necessarily had to be considered” in making that assessment, the Board here inexplicably failed to consider whether claimant’s actions in February 2009 and May 2010 constituted disqualifying misconduct (Matter of Ranni [Ross], 58 NY2d 715, 717 [1982]; Matter of Schienberg [Queens Borough Pub. Lib. — Commissioner of Labor], 263 AD2d 693 [1999]). Moreover, the Board’s factual determination that claimant’s decision to linger on school grounds in July 2010 was “consistent” with his supervisor’s direction that he immediately leave impermissibly contradicts the Hearing Officer’s finding that claimant was insubordinate in that regard. Inasmuch as the Board failed to consider whether some of the established instances of misbehavior constituted disqualifying misconduct, and improperly contradicted other factual findings of the Hearing Officer, remittal is necessary so that it may “reconsider[ ] upon appropriate findings” (Matter of Lester [Ilion Water Commn. — Hartnett], 149 AD2d 880, 883 [1989]).
Rose, J.E, Lahtinen, Stein and Garry, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court’s decision.