*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 30, 2014                    518376
_____

In the Matter of the Claim of
     GARY I. BORETSKY,
                         Respondent.

NEW YORK CITY TRANSIT                          MEMORANDUM AND ORDER
     AUTHORITY,
                         Appellant.

COMMISSIONER OF LABOR,
                         Respondent.
_____

Calendar Date:   September 16, 2014

Before:  Stein, J.P., Garry, Egan Jr., Lynch and Devine, JJ.

_____

     Richard Schoolman, New York City Transit Authority, New
York City, for appellant.

     Gary I. Boretsky, New York City, respondent pro se.

_____

     Appeal from a decision of the Unemployment Insurance Appeal
Board, filed April 25, 2013, which ruled that claimant was
eligible to receive unemployment insurance benefits.

     Claimant, a train operator for the employer, stopped his
train short of a subway station when he observed a fire on the
track ahead.  Relying on the train's "door enabler" — which
allowed claimant to prevent the doors from opening — claimant did
not instruct the train conductor to keep the doors closed as
required.  However, the door enabler was inoperable and the
conductor opened the doors, which were immediately closed upon
claimant's direction.  Claimant then pulled into the station
without first exiting the train to ensure that no passengers had

fallen onto the railbed and failed to report that the doors had opened, both of which were also required by the policies of the employer.  He was subjected to disciplinary action and, after a full evidentiary arbitration hearing conducted under the collective bargaining agreement, was terminated.  The Unemployment Insurance Appeal Board properly noted that it was bound by the factual findings of the arbitrator but, after conducting an "independent evaluation as to whether claimant's behavior constituted disqualifying misconduct for the purposes of unemployment insurance," the Board found that the behavior did not (Matter of Samuels [New York City Tr. Auth.—Commissioner of Labor], 118 AD3d 1206, 1207 [2014], lv denied 24 NY3d 905 [2014]).  This appeal by the employer ensued.

We reverse.[1]  "While the Board was free to make 'independent additional factual findings' and draw its own independent conclusion as to whether claimant's behavior rose to the level of disqualifying misconduct for purposes of entitlement to unemployment insurance benefits, it was also bound by the [arbitrator's] 'factual findings regarding claimant's conduct and [her] conclusion' that claimant had" committed serious violations of safety rules (Matter of Winters [Peekskill City Sch. Dist.—Commissioner of Labor], 109 AD3d 1034, 1034 [2013], quoting Matter of Guimarales [New York City Bd. of Educ.—Roberts], 68 NY2d 989, 991 [1986]).  The arbitrator here found that claimant had committed grave violations of the employer's policies that had endangered the safety of his passengers, violations that were rendered even more egregious by the fact that he had previously been disciplined for similar conduct.  The Board, in contrast, inexplicably found that claimant had "substantially complied with" the employer's policies and made no effort to consider claimant's behavior within the context of his prior disciplinary history.  Thus, as the Board improperly contradicted factual findings of the arbitrator, remittal is necessary for it to

_____

[1]  As an initial matter, we have not considered additional evidence submitted by claimant that was not part of the record before the Board (see Matter of Green [Village of Hempstead—Commissioner of Labor], 80 AD3d 954, 956 [2011]).

"reconsider[] upon appropriate findings" (Matter of Lester [Ilion Water Commn.—Hartnett], 149 AD2d 880, 883 [1989]; see Matter of Winters [Peekskill City Sch. Dist.—Commissioner of Labor], 109 AD3d at 1035; cf. Matter of Barresi [Sweeney], 232 AD2d 714, 714-715 [1996]).

Stein, J.P., Garry, Egan Jr., Lynch and Devine, JJ., concur.

ORDERED that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court