Lahtinen, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 14, 2012, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.
On January 6, 2011, claimant, a municipal sanitation worker, was assigned by his supervisor to work extra hours pursuant to an inverse seniority rotation policy. Claimant refused and was terminated. He contested his discharge through arbitration pursuant to his collective bargaining agreement. Following a hearing, the arbitrator concluded that, by refusing an order by a member of management, claimant had violated a written standard of conduct and, therefore, there was just cause for the termination.* Claimant did not appeal this determination.
Claimant subsequently applied for unemployment insurance benefits and, following a hearing, an Administrative Law Judge (hereinafter ALJ) determined that claimant had been afforded a full and fair opportunity to litigate the issue of his conduct before the arbitrator. Accordingly, the ALJ gave collateral estoppel effect to the arbitrator’s findings of fact. The ALJ thereafter determined that claimant’s actions constituted misconduct under the Labor Law and denied his application for benefits. Upon review, the Unemployment Insurance Appeal Board affirmed, and claimant now appeals.
Claimant contends that he was denied a full and fair opportunity to litigate the issue of misconduct before the arbitrator and, therefore, the Board erred in giving collateral estoppel effect to the arbitrator’s factual findings (see Matter of Guimarales [New York City Bd. of Educ.—Roberts], 68 NY2d 989, 991 [1986]; Ryan v New York Tel. Co., 62 NY2d 494, 500-505 [1984]). We disagree. The record reflects that claimant was represented at the arbitration hearing by a nonattorney representative from his union, had the opportunity to testify and present other evidence, and the union representative cross-examined the employer’s witnesses. Accordingly, we cannot conclude that the Board’s decision to give collateral estoppel effect to the arbitrator’s factual findings was affected by an error of law (see CPLR 7803 [3]; Matter of Guimarales [New York City Bd. of Educ.—Roberts], 68 NY2d at 991).
*1349 Having properly taken into account the arbitrator’s factual findings regarding claimant’s conduct, a review of the record confirms that the Board made “an independent evaluation as to whether that conduct constitutes ‘misconduct’ for the purposes of unemployment insurance” (Matter of Nwaozor [City of New York—Commissioner of Labor], 82 AD3d 1475, 1475 [2011]; see Matter of Samuels [New York City Tr. Auth.—Commissioner of Labor], 118 AD3d 1206, 1207 [2014], lv denied 24 NY3d 905 [2014]). Inasmuch as violating an employer’s known policy can constitute disqualifying misconduct for unemployment insurance benefit purposes (see Matter of Brauneisen [GEICO Ins. Co.—Commissioner of Labor], 72 AD3d 1381, 1382 [2010]; Matter of Wise [Commissioner of Labor], 19 AD3d 795, 795 [2005]), the Board’s decision is supported by substantial evidence and will not be disturbed. Claimant’s remaining contentions, including his claims of violations of the rules of evidence by the arbitrator and of bias on the part of the ALJ, have been reviewed and found to be without merit.
Peters, P.J., Garry, Rose and Lynch, JJ., concur.
Ordered that the decision is affirmed, without costs.

 Claimant had been terminated in June 2010. He was reinstated by an arbitrator in November 2010, conditioned upon his avoidance for six months of any violations of the employer’s standards of conduct.