■ In the Matter of the Claim of MARGARET L. WACHTMEISTER, Appellant. COMMISSIONER OF LABOR, Respondent. [703 NYS2d 584] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 11, 1998, which, *inter alia*, ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was employed as a public health nurse until she was discharged for incompetency and/or misconduct. The

Unemployment Insurance Appeal Board ruled that claimant had lost her employment under disqualifying circumstances because she cheated on a competency examination. We affirm. Claimant contends that the Board must give collateral estoppel effect to the Hearing Officer's finding, in a proceeding brought pursuant to Civil Service § 75, to the effect that the employer had not met its burden of establishing that claimant cheated on the examination. However, although the Board is required to give collateral estoppel effect to the factual findings of the Hearing Officer, no factual findings were made specifically regarding whether claimant actually cheated on the examination. The Hearing Officer only found that the employer did not establish that claimant had cheated on the examination. It is incumbent on the Board to draw its own conclusion as to whether claimant's behavior amounted to misconduct for purposes of qualifying for unemployment insurance benefits (*see, Matter of Barresi [Sweeney]*, 232 AD2d 714). Accordingly, the Board upon additional testimony, was free to find that the evidence established that claimant cheated on her examination. As it has been held that cheating on an examination may be sufficient to constitute disqualifying misconduct, substantial evidence supports the Board's decision in this case (*see, Matter of Kinch [Sweeney]*, 244 AD2d 748).

Mercure, J. P., Peters, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.