■ In the Matter of the Claim of SHIRLEY DIMPS, Appellant. NEW YORK CITY HUMAN RESOURCES ADMINISTRATION, Respondent; COMMISSIONER OF LABOR, Respondent. [710 NYS2d 448] —Carpinello, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 21, 1998, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

In November 1996 claimant, who had been employed with the New York City Human Resources Administration (hereinafter the employer) as an Eligibility Specialist III since May 1995, was charged with 20 specifications of misconduct occurring between May 7, 1996 and November 18, 1996. A Civil Service Law § 75 disciplinary hearing (hereinafter the disciplinary hearing) was held, after which an Administrative Law Judge (hereinafter ALJ) issued a report and recommendation concluding that claimant committed misconduct. Specifically, the ALJ found claimant guilty of 12 specifications of misconduct, guilty in part of three specifications and not guilty of five specifications. In sum, the ALJ found that claimant committed misconduct by failing to complete a number of assigned cases in a timely manner, by giving erroneous information to clients thereby creating unnecessary delays, by falsely advising her supervisor that she had completed an assigned task, and by failing and/or refusing to follow her supervisor's directions and office procedures on numerous occasions. Based on these findings, the ALJ recommended that claimant be dismissed. The

employer adopted this recommendation and terminated her employment effective May 1, 1998.[1]

Claimant then applied for unemployment insurance benefits, which were denied on the ground that her employment was terminated due to misconduct. A hearing before another ALJ ensued at which claimant proceeded without counsel and testified about the circumstances surrounding the disciplinary hearing. After reviewing the recommendation in the disciplinary hearing, the ALJ at the unemployment insurance hearing gave claimant a chance to explain nine of the specifications on which she was found guilty.[2] At this hearing, the employer asserted that collateral estoppel should apply to the findings of fact made at the disciplinary hearing, an argument which was adopted by the ALJ (*see*, n 2, *supra*). Claimant appealed to the Unemployment Insurance Appeal Board, which thereafter affirmed the decision denying benefits. On appeal, claimant maintains that the application of collateral estoppel was inappropriate. We disagree and affirm.

As an initial matter, inasmuch as claimant was given a full and fair opportunity to litigate the issue of misconduct at the disciplinary hearing, the ALJ at the unemployment insurance hearing properly accorded collateral estoppel effect to the ensuing factual findings (*see, Matter of Harewood [Commissioner of Labor]*, 253 AD2d 934, 935; *see also, Matter of Obafemi [Commissioner of Labor]*, 250 AD2d 905). At the disciplinary hearing, claimant was represented by counsel, testified on her own behalf, cross-examined the employer's witnesses and had the opportunity to present and examine relevant evidence.

Similarly lacking in merit is claimant's argument that she was denied due process at the unemployment insurance hearing in that she allegedly was denied an opportunity to cross-examine the employer. Since the ALJ properly applied collateral estoppel, claimant was not entitled to relitigate the factual issues of her misconduct (*see, Matter of Ranni [Ross]*, 58 NY2d 715, 717-718; *see also, Matter of Foster [Board of Educ.—Commissioner of Labor]*, 262 AD2d 899, *lv denied* 94 NY2d 760). In any event, claimant was given ample opportunity to cross-examine the employer but failed to avail herself of this opportunity when she did not appear on time at one adjourned

---

**1.** Notably, claimant appealed this determination to the New York City Civil Service Commission, which affirmed the determination.

**2.** The ALJ did not consider or adopt the findings of misconduct relative to claimant's inability to perform her work, since the inability to perform a job is not an automatic disqualification from receiving unemployment benefits (*see, Matter of Wade [New York Tel. Co.—Ross]*, 59 AD2d 1003, 1004).

session and failed to appear at all at the final session. Under these circumstances, we conclude that claimant was not denied due process.

As a final matter, to the extent that claimant's brief can be read to argue that the Board's decision was not supported by substantial evidence, we find to the contrary. Indeed, substantial evidence supports the Board's determination that claimant committed disqualifying misconduct, i.e., she continuously refused to abide by reasonable directives of her supervisor (*see, Matter of Attara [Permis Constr. Corp.—Commissioner of Labor]*, 257 AD2d 936).

We have reviewed claimant's remaining arguments and find them without merit.

Crew III, J. P., Peters, Graffeo and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.