■ In the Matter of the Claim of GEORGE E. SONA, Appellant. COMMISSIONER OF LABOR, Respondent. [785 NYS2d 617]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 13, 2003, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because he lost his employment due to misconduct.

Claimant worked as an associate project manager for the New York City Housing Authority for 15 years. In February 2003 and March 2003, a disciplinary hearing was conducted pursuant to Civil Service Law § 75 with respect to several charges of insubordination that had been brought against claimant. At the conclusion thereof, the Hearing Officer sustained certain of the insubordination charges and recommended that claimant be discharged. Claimant thereafter was terminated from his position and appealed the Hearing Officer's decision to the Civil Service Commission. He also filed a claim for unemployment insurance benefits and, following a hearing, his claim was denied by the Unemployment Insurance Appeal Board on the ground that he was disqualified from receiving benefits because his employment was terminated due to misconduct. Claimant now appeals.

Initially, we note that inasmuch as claimant had a full and fair opportunity to litigate the issue of misconduct at the disciplinary hearing, the Board properly accorded collateral estoppel effect to the Hearing Officer's factual findings (see *Matter of Dimps [New York City Human Resources Admin.— Commissioner of Labor]*, 274 AD2d 625, 626 [2000]; *Matter of Shuaib [Commissioner of Labor]*, 268 AD2d 744, 744 [2000]). Nevertheless, "[i]t is incumbent on the Board to draw its own conclusion as to whether claimant's behavior amounted to misconduct for purposes of qualifying for unemployment insurance benefits" (*Matter of Wachtmeister [Commissioner of Labor]*,

270 AD2d 556, 557 [2000]). Notably, the Hearing Officer's decision reveals that claimant engaged in an act of insubordination on December 30, 2002 when he shook his finger at his supervisor and in a high-pitched tone told the supervisor not to tell him what to do. It also indicates that claimant engaged in other insubordinate acts, for which he had received warnings, prior to this incident. Inasmuch as insubordinate and disrespectful behavior toward a supervisor may constitute disqualifying misconduct (*see Matter of Montanye [Commissioner of Labor]*, 10 AD3d 830 [2004]), particularly where the claimant previously has been admonished (*see Matter of Pasquarosa [Euro Brokers—Commissioner of Labor]*, 260 AD2d 903, 904 [1999]), we find no reason to disturb the Board's decision.

Mercure, J.P., Crew III, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.