■ In the Matter of the Claim of DOMINICK FRANCO, Appellant. COMMISSIONER OF LABOR, Respondent. [789 NYS2d 774]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 10, 2003, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant, an accounting supervisor at a home health care agency, was terminated from his employment for violating the employer's attendance policy prohibiting employees from having three or more sick leave absences within a three-month period. In his application for unemployment insurance benefits, claimant represented that he was laid off due to lack of work. Although claimant initially was awarded benefits, the Unemployment Insurance Appeal Board later disqualified him from receiving benefits on the ground that his employment was terminated due to misconduct. In addition, upon finding that claimant made willful false statements to obtain benefits, the Board charged him with a recoverable overpayment of $2,025 and reduced his right to receive future benefits by eight days. Claimant now appeals.

We affirm. The violation of an employer's attendance policy has been held to constitute disqualifying misconduct, particularly where an employee has received prior warnings (*see e.g. Matter of Hernandez [Commissioner of Labor]*, 299 AD2d 794 [2002]). Here, claimant admittedly violated the employer's attendance policy after being warned that any further violation of the employer's policies would result in his discharge. Thus, substantial evidence supports the Board's decision. Furthermore, inasmuch as claimant indicated on his application that he was unemployed due to a lack of work, substantial evidence also supports the Board's finding that he made willful false statements to obtain benefits (*see Matter of Graham [Commissioner of Labor]*, 305 AD2d 926, 927 [2003]; *Matter of Walker [Sweeney]*, 232 AD2d 715 [1996]).

Mercure, J.P., Crew III, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.