█ In the Matter of the Claim of LINDA GOULBOURNE, Appellant. COMMISSIONER OF LABOR, Respondent. [795 NYS2d 411]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 23, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant, a part-time toll collector for the Port Authority, was brought up on disciplinary charges for misrepresenting that she could not work on weekends due to religious reasons, calling in sick after working at another job and failing to report for her scheduled shift on five separate occasions without authorization. At the conclusion of a hearing held under the terms of the collective bargaining agreement between the Port Authority and claimant's union, a Hearing Officer found claimant guilty of all of the charges. Consequently, she was discharged from her position. The Unemployment Insurance Appeal Board thereafter denied claimant's application for unemployment insurance benefits on the ground that her employment was terminated due to misconduct. She now appeals.

We affirm. Because claimant had a full and fair opportunity to litigate the charges of misconduct at her disciplinary hearing, the Board properly accorded collateral estoppel effect to the Port Authority Hearing Officer's factual findings (*see Matter of Sona [Commissioner of Labor]*, 13 AD3d 799, 799 [2004]; *Matter of Bishop [New York City Human Resources Admin.—Commis-*

*sioner of Labor]*, 282 AD2d 924, 924 [2001]). Notably, both dishonest behavior (*see Matter of Mandia [Commissioner of Labor]*, 8 AD3d 940, 941 [2004]; *Matter of Bishop [New York City Human Resources Admin.—Commissioner of Labor]*, supra at 924) and unauthorized absences (*see Matter of Glowinski [Commissioner of Labor]*, 5 AD3d 839, 839-840 [2004]; *Matter of Sadowski [Star Corrugated Box Co.—Commissioner of Labor]*, 268 AD2d 752, 752 [2000]) have been found to constitute misconduct disqualifying a claimant from receiving unemployment insurance benefits. Inasmuch as claimant engaged in such conduct, we find no reason to disturb the decision of the Unemployment Insurance Appeal Board disqualifying her from receiving benefits.

Mercure, J.P., Crew III, Peters, Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.