■ In the Matter of the Claim of TIFFANY R. PORTER, Appellant. COMMISSIONER OF LABOR, Respondent. [831 NYS2d 778]—

---

Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 18, 2005, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant worked as a closing shift manager for a department store. Despite prior warnings concerning her absenteeism, claimant failed to report to work or call in on two separate dates and her employment was terminated. The Unemployment Insurance Appeal Board disqualified her from receiving unemployment insurance benefits on the ground that her employment was terminated due to misconduct, prompting this appeal.

A claimant's failure, despite repeated warnings, to abide by an employer's attendance policy has been held to constitute disqualifying misconduct (*see Matter of Franco [Commissioner of Labor]*, 15 AD3d 828, 829 [2005]; *Matter of Williams [Commissioner of Labor]*, 274 AD2d 805, 805-806 [2000]). In the case at hand, the employer's representatives testified that after claimant became pregnant, they made an effort to accommodate her work restrictions by reducing her work hours. In fact, they stated that if claimant was scheduled to work more than four hours, she was directed to work only the final four hours of her shift. On the dates at issue, claimant was scheduled to work more than four hours, but did not report to work the last four hours of her shift or call to advise that she would be absent. In view of this, substantial evidence supports the Board's finding that her employment was terminated for misconduct. Claimant's contrary testimony that her supervisor told her her shifts would be covered and that she was not directed to cover any portion of her shifts presented a credibility issue for the Board to resolve (*see Matter of Kemp [Commissioner of Labor]*, 25 AD3d 1054, 1054 [2006]).

Cardona, P.J., Mercure, Peters, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.