■  In the Matter of the Claim of MATILDA AGRAN, Appellant. COMMISSIONER OF LABOR, Respondent. [863 NYS2d 295]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 24, 2007, which ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Following a disciplinary hearing pursuant to Civil Service Law § 75, the City of New York terminated claimant's employment for insubordination. The Unemployment Insurance Appeal Board subsequently disqualified her from receiving unemployment insurance benefits on the basis that her employment was terminated due to misconduct. Claimant appeals.

Although claimant elected not to appear at the disciplinary hearing, she nonetheless had a full and fair opportunity to be heard and witnesses were presented at the hearing on the issue of her insubordination. Therefore, the Board properly accorded

collateral estoppel effect to the Hearing Officer's relevant factual findings (*see Matter of Sona [Commissioner of Labor]*, 13 AD3d 799, 799 [2004]; *Matter of Dimps [New York City Human Resources Admin.—Commissioner of Labor]*, 274 AD2d 625, 626 [2000]). To the extent that claimant implies that the Hearing Officer's factual findings were not properly adopted by the Commissioner of the Human Resources Administration of the City of New York, we find nothing in the record indicating that they were ever invalidated, overturned or otherwise set aside. After the Administrative Law Judge credited the factual findings, the Board properly reached its own conclusion that claimant's behavior amounted to misconduct disqualifying her from receiving unemployment insurance benefits (*see Matter of Wachtmeister [Commissioner of Labor]*, 270 AD2d 556, 557 [2000]). Inasmuch as insubordinate behavior has been held to constitute disqualifying misconduct (*see Matter of Coon [Commissioner of Labor]*, 43 AD3d 1225, 1225 [2007]), we find no reason to disturb the Board's decision.

Cardona, P.J., Peters, Spain, Rose and Malone Jr., JJ., concur. Ordered that the decision is affirmed, without costs.