■ In the Matter of the Claim of DEBORAH DAVIS, Appellant. COMMISSIONER OF LABOR, Respondent. [884 NYS2d 275]—

Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed February 1, 2007, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct, and (2) from a decision of said Board, filed February 18, 2009, which, upon reconsideration, adhered to its prior decision.

Claimant worked as a school district secretary for approximately 2½ years. Claimant was found guilty of numerous charges of incompetence and insubordination following a disciplinary hearing held pursuant to Civil Service Law § 75. She was terminated from her position as a result. The Unemployment Insurance Appeal Board subsequently disqualified claimant from receiving unemployment insurance benefits on the ground that she was terminated due to misconduct. The Board adhered to this decision upon reconsideration and claimant appeals from both decisions.

We affirm. Initially, given that claimant had a full and fair opportunity to litigate the numerous charges of misconduct at the hearing held pursuant to Civil Service Law § 75, the Board

properly accorded collateral estoppel effect to the Hearing Officer's factual findings (*see Matter of Sona [Commissioner of Labor]*, 13 AD3d 799, 799 [2004]; *Matter of Dimps [New York City Human Resources Admin.—Commissioner of Labor]*, 274 AD2d 625, 626 [2000]). Moreover, the record reveals that evidence was adduced at the unemployment insurance hearing concerning the many instances of incompetence and insubordination providing the basis for the disciplinary charges of which claimant was found guilty. The Board drew its own conclusion that such behavior, which largely involved disrespectful conduct, constituted misconduct disqualifying claimant from receiving unemployment insurance benefits (*see Matter of Agran [Commissioner of Labor]*, 54 AD3d 479, 480 [2008]; *Matter of Sona [Commissioner of Labor]*, 13 AD3d at 800). In view of this, we decline to disturb the Board's decision.

Claimant's remaining contentions have been reviewed and found to be unpersuasive.

Cardona, P.J., Peters, Rose, Kane and Kavanagh, JJ., concur. Ordered that the decisions are affirmed, without costs.