■ In the Matter of the Claim of HENRY C. KEARNS, Appellant. COMMISSIONER OF LABOR, Respondent. [885 NYS2d 775]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 8, 2008, which, upon reconsideration,

adhered to its prior decision ruling, among other things, that claimant was disqualified from receiving unemployment insurance benefits because he lost his employment due to misconduct.

Claimant was employed as a sales associate at a retail furniture store. He made a derogatory comment about a customer while in the showroom when the customer began working with a female sales associate without disclosing that claimant had previously assisted her. He also informed the female sales associate of this fact and, when he thought she was not going to split the sales commission with him, he called her a derogatory name and indicated that he would no longer split sales commissions with her. Claimant's conduct was contrary to the employer's policy governing appropriate behavior in the showroom, which he had previously violated. He was terminated as a result. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct. The Board also charged him with a recoverable overpayment of benefits pursuant to Labor Law § 597 (4) and imposed a forfeiture penalty upon finding that he made a willful misrepresentation to obtain benefits. It adhered to this decision upon reconsideration and claimant now appeals.

We affirm. Initially, an employee's use of vulgar language or display of discourteous behavior in the workplace has been held to constitute disqualifying misconduct (see *Matter of Rivers [Federation Empl. & Guidance Serv.—Commissioner of Labor]*, 44 AD3d 1191, 1192 [2007]). The same is true where, despite prior warnings, the employee violates the employer's known policy governing proper workplace behavior (see *Matter of Wells [Commissioner of Labor]*, 29 AD3d 1257, 1257 [2006]). Here, abundant testimony was adduced at the hearing that claimant used profanity in the showroom while complaining about the customer and the female sales associate and that this was in violation of the employer's policy prohibiting the use of obscene language and interference with the performance of an employee's job duties. Claimant had been previously warned about making inappropriate statements in the presence of customers and coworkers. Although he denied using profane language, this presented a credibility issue for the Board to resolve (see *Matter of Gigi [Commissioner of Labor]*, 37 AD3d 894, 895 [2007]). To the extent that claimant falsely indicated when applying for benefits that he was unemployed due to a lack of work, substantial evidence supports the Board's finding that claimant made a willful misrepresentation to obtain benefits (see *Matter of Franco [Commissioner of Labor]*, 15 AD3d 828, 829 [2005]). Therefore, we find no reason to disturb the Board's decision.

Cardona, P.J., Peters, Rose, Kavanagh and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.