■ In the Matter of FELICITA MORALES, Appellant. COMMISSIONER OF LABOR, Respondent. [895 NYS2d 259]—

Cardona, P.J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 15, 2008, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant, a community associate for the New York City Housing Authority, was charged with misconduct stemming from a

confrontation with her supervisor. Following a disciplinary hearing held pursuant to Civil Service Law § 75, the Trial Officer sustained the charge, finding that claimant yelled at her supervisor, pulled the telephone away from her and did not leave the supervisor's office when told to do so. Thereafter, claimant was discharged from her employment.

Claimant subsequently applied for unemployment insurance benefits. The Unemployment Insurance Appeal Board disqualified her from receiving benefits on the ground that her employment was terminated due to misconduct. Claimant appeals.

Inasmuch as the record establishes that "claimant had a full and fair opportunity to litigate the issue of misconduct at the disciplinary hearing, the Board properly accorded collateral estoppel effect to the [Trial] Officer's factual findings" (*Matter of Sona [Commissioner of Labor]*, 13 AD3d 799, 799 [2004]). We are unpersuaded by claimant's contention that application of collateral estoppel is precluded herein because she is purportedly appealing the disciplinary determination (*see Samhammer v Home Mut. Ins. Co. of Binghamton*, 120 AD2d 59, 64 [1986]). Furthermore, the record establishes that the Board drew its own conclusion that claimant's disrespectful and insubordinate behavior constituted disqualifying misconduct (*see Matter of Davis [Commissioner of Labor]*, 64 AD3d 1057, 1058 [2009], *lv denied* 14 NY3d 703 [2010]; *Matter of Agran [Commissioner of Labor]*, 54 AD3d 479, 480 [2008]). In view of this, we find no reason to disturb the Board's decision.

Peters, Rose, Kavanagh and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.