In the Matter of the Claim of PAUL V. CZOSEK, Appellant. CHEEKTOWAGA-SLOAN UNION FREE SCHOOL DISTRICT, Respondent; COMMISSIONER OF LABOR, Respondent. [900 NYS2d 154]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 10, 2009, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant worked as a special education teacher for a school

district for over 20 years. In May 2006, the district brought disciplinary charges against him pursuant to Education Law § 3020-a and sought his termination. Thereafter, a hearing was conducted before a Hearing Officer who sustained a number of the charges, including that claimant inappropriately shouted at the school principal in the presence of students and staff, left students in his classroom unsupervised and engaged in sexual harassment. The Hearing Officer concluded, based upon the evidence presented, that claimant's termination was warranted. Claimant was discharged as a result. The Unemployment Insurance Appeal Board subsequently ruled that he was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct. Claimant now appeals.

We affirm. Initially, we note that the factual findings of the Hearing Officer are entitled to collateral estoppel effect inasmuch as claimant was present at the Education Law § 3020-a hearing and had a full and fair opportunity to be heard with respect to the charges of misconduct forming the basis for his dismissal (*see Matter of Davis [Commissioner of Labor]*, 64 AD3d 1057, 1057-1058 [2009], *lv denied* 14 NY3d 703 [2010]; *Matter of Goulbourne [Commissioner of Labor]*, 18 AD3d 1087, 1087 [2005]). Accepting those findings, "[a]n employee's actions that are contrary to established policies and have a detrimental effect upon an employer's interests have been found to constitute disqualifying misconduct" (*Matter of Cody [New York City Dept. of Educ.—Commissioner of Labor]*, 37 AD3d 920, 920 [2007]; *see Matter of Bohmann [Commissioner of Labor]*, 29 AD3d 1250, 1251 [2006]). Substantial evidence supports the Board's decision here given that the conduct providing the basis for claimant's termination violated the employer's policies and was clearly detrimental to its interests. Therefore, we find no reason to disturb the Board's decision.

Cardona, P.J., Spain, Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.