■ In the Matter of the Claim of VERNELL CHEESEBORO, Appellant. COMMISSIONER OF LABOR, Respondent. [923 NYS2d 772]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 4, 2010, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she lost her employment due to misconduct.

Claimant worked as a school hall monitor for over seven years. Pursuant to Civil Service Law § 75, disciplinary charges were

brought against her alleging that she, among other things, used profanity when speaking to a student, allowed the student to use a cell phone that was against school policy and encouraged the student to threaten another student. A hearing was held at which claimant was present and represented by counsel. At the conclusion of the hearing, certain charges of misconduct were sustained and claimant's employment was terminated. The Unemployment Insurance Appeal Board subsequently denied her claim for unemployment insurance benefits upon finding that her employment had been terminated due to misconduct. Claimant now appeals.

We affirm. Initially, we note that an employee's use of vulgar language in the workplace has been found to constitute disqualifying misconduct (see Matter of Kearns [Commissioner of Labor], 65 AD3d 1416, 1417 [2009]). Likewise, an employee's actions that are detrimental to the employer's interest and contrary to reasonable policies have also been held to constitute disqualifying misconduct (see Matter of Bastian [Commissioner of Labor], 19 AD3d 915, 916 [2005]). Here, it was established at the Civil Service Law § 75 hearing that claimant used vulgarity when speaking to a student, acted contrary to the employer's interest in encouraging the student to threaten another student and also failed to adhere to the employer's rules by allowing the student to use a cell phone. Inasmuch as claimant had a full and fair opportunity to litigate the issue of her misconduct at the Civil Service Law § 75 hearing, the Board properly accorded collateral estoppel effect to the factual findings made as a result thereof (see Matter of Davis [Commissioner of Labor], 64 AD3d 1057, 1057-1058 [2009], lv denied 14 NY3d 703 [2010]; Matter of Obafemi [Commissioner of Labor], 250 AD2d 905, 905 [1998]). Consequently, substantial evidence supports the Board's decision.

Peters, J.P., Rose, Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.