In the Matter of the Claim of TERRY L. GUYNUP, Respondent. COUNTY OF CLINTON, Appellant; COMMISSIONER OF LABOR, Respondent. [968 NYS2d 608]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 9, 2011, which ruled that claimant was entitled to receive unemployment insurance benefits.

In October 2008, claimant, a lieutenant with the Clinton County Sheriff's Department, was charged under Civil Service Law § 75 with misconduct, incompetence and insubordination. The misconduct charge arose out of an incident in which claimant was served with an order of protection that had been obtained on an ex parte basis by his wife, from whom he was estranged. Two superior officers served the order of protection upon claimant, which required that he surrender all firearms. Claimant became upset during this encounter, verbally protested the surrender of his firearms and used profanity toward the officers. Nevertheless, he eventually complied with the terms of the order of protection. Claimant was ultimately found guilty of incompetence and insubordination, and he was terminated from his position as a result. He commenced a CPLR article 78

proceeding challenging his termination, which was later upheld by this Court (*Matter of Guynup v County of Clinton*, 90 AD3d 1390 [2011]).

Following his separation from employment, claimant applied for unemployment insurance benefits. The Department of Labor initially disqualified him from receiving benefits on the ground that he lost his employment through misconduct. An Administrative Law Judge, however, concluded differently after a hearing and awarded claimant benefits. The Unemployment Insurance Appeal Board upheld this decision and claimant's former employer now appeals.

Given that claimant had a full and fair opportunity to litigate the issue of misconduct at the Civil Service Law § 75 hearing, the Board properly accorded collateral estoppel effect to the factual findings of the Hearing Officer (*see Matter of Cheeseboro [Commissioner of Labor]*, 84 AD3d 1635, 1636 [2011]; *Matter of Morales [Commissioner of Labor]*, 70 AD3d 1271, 1272 [2010], *lv denied* 14 NY3d 711 [2010]). It was, however, incumbent upon the Board to draw its own conclusion as to whether such factual findings amounted to misconduct disqualifying claimant from receiving unemployment insurance benefits (*see Matter of Morales*, 70 AD3d at 1272; *Matter of Sona [Commissioner of Labor]*, 13 AD3d 799, 799-800 [2004]). Significantly, "[t]he same conduct that leads to a claimant being discharged for cause may not necessarily rise to the level of misconduct for unemployment insurance purposes" (*Matter of Wright [City of Syracuse— Commissioner of Labor]*, 101 AD3d 1198, 1199 [2012]; *see Matter of Jackson [County of Nassau Civ. Serv. Commn.— Commissioner of Labor]*, 97 AD3d 889, 890 [2012]). The Board's decision in this regard will not be disturbed if supported by substantial evidence (*see Matter of Wright [City of Syracuse— Commissioner of Labor]*, 101 AD3d at 1199; *Matter of Jackson [County of Nassau Civil Serv. Commn.—Commissioner of Labor]*, 97 AD3d at 890).

Here, while the Board found that claimant used vulgar and intemperate language toward his superior officers, it concluded that, given the context of his conduct, it was not so egregious as to disqualify him from receiving benefits. The Board relied on evidence of claimant's marital problems and his lack of knowledge of the order of protection prior to being served with it. Furthermore, the superior officers testified that they were not directly threatened by claimant. There was also evidence that, despite his outburst, claimant fully complied with the terms of the order of protection by timely surrendering his firearms. In view of the foregoing, substantial evidence supports the Board's

finding that claimant did not engage in disqualifying misconduct, despite the existence of substantial evidence supporting the contrary conclusion.

Rose, J.P., Lahtinen, Spain and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.