## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  February 5, 2015                518949
_____

In the Matter of the Claim of
    TIMOTHY M. PRATT,
                    Respondent.

CELLULAR SALES OF NEW YORK
    LLC,                                  MEMORANDUM AND ORDER
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____


Calendar Date:  December 2, 2014

Before:  Peters, P.J., McCarthy, Rose and Devine, JJ.


                    _____


        Hinman Straub, PC, Albany (Joseph M. Dougherty of counsel),
for appellant.

        Gleason Dunn Walsh & O'Shea, Albany (Daniel A. Jacobs of
counsel), for Timothy M. Pratt, respondent.


                    _____


        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed July 18, 2013, which ruled that claimant was
entitled to receive unemployment insurance benefits.

        Claimant worked as a sales representative for a cellular
telephone company for approximately eight months.  He had access
to the employer's shift roster through an online sales system and
reported to his shifts by logging on to the system.  The employer
required sales representatives to deposit customer funds into a
drop box each evening and, if they failed to do so within seven
days of receiving such funds, they would be locked out of the
system.  Claimant failed to deposit customer funds within the

requisite time period and notified his supervisor on August 18, 2013 that he would be locked out of the system effective August 19, 2012, prior to his scheduled shifts on August 19, August 20 and August 21.  The supervisor advised claimant that he would have his shift covered on August 19 and claimant, believing that he was locked out of the system and that his supervisor was aware of this, did not report to work on the dates scheduled.  Based upon claimant's failure to report to his shifts on August 20 and August 21 or notify the employer of his absences, the employer determined that claimant had resigned from his position. Claimant applied for unemployment insurance benefits and, despite the employer's objection, the Unemployment Insurance Appeal Board ultimately ruled, consistent with the initial determination and the decision of the Administrative Law Judge, that claimant was entitled to receive benefits.  The employer now appeals.

The employer contends that claimant engaged in disqualifying misconduct by failing to abide by its call in policy prior to being absent for two consecutive shifts and that this amounted to a resignation under the provisions of the employee manual.  Initially, we note that whether an employee's actions rise to the level of disqualifying misconduct for unemployment insurance purposes is a factual issue for the Board to resolve and its determination will be upheld if supported by substantial evidence (see Matter of Cardenas [Metropolitan Cable Communications, Inc.–Commissioner of Labor], 118 AD3d 1234, 1234-1235 [2014]; Matter of Andrews [A.C. Roman & Assoc.–Commissioner of Labor], 118 AD3d 1216, 1216-1217 [2014]).  Here, claimant stated that he was unaware of the employer's call in policy and did not contact his supervisor prior to his absences on August 20 and August 21 because he thought that this had been taken care of when he reported to his supervisor that he was locked out of the system, at which point he could not perform any work.  In view of this, as well as the absence of any indication that claimant had time or attendance problems in the past, the Board could reasonably conclude that claimant did not engage in disqualifying misconduct (see Matter of Jaiyesimi [ISS Action Inc.–Commissioner of Labor], 114 AD3d 983, 984 [2014]).  Accordingly, substantial evidence supports the Board's decision and we decline to disturb it.

Peters, P.J., McCarthy, Rose and Devine, JJ., concur.


ORDERED that the decision is affirmed, without costs.




ENTER:


Robert D. Mayberger
Clerk of the Court