Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 23, 2014, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.
Claimant, a correction officer, was charged with violating the employer’s rules by having an improper personal relationship with an inmate and by giving false statements to investigators regarding that relationship. Following a disciplinary hearing held in accordance with Civil Service Law § 75, an Administrative Law Judge rejected the jurisdictional arguments advanced by claimant and found evidence sufficient to support the bulk of the charges, and recommended her discharge from employment. Based on that recommendation, claimant’s employment was terminated. The Unemployment Insurance Appeal Board denied claimant’s subsequent application for unemployment insurance benefits on the ground that she lost her employment due to misconduct. Claimant appeals.
*1099 Contrary to claimant’s contention, the Board properly gave collateral estoppel effect to the factual findings stemming from the disciplinary hearing inasmuch as the record establishes that claimant had a full and fair opportunity to litigate the issue of misconduct at that hearing (see Matter of Intini [Commissioner of Labor], 123 AD3d 1347, 1348 [2014]; Matter of Morales [Commissioner of Labor], 70 AD3d 1271, 1272 [2010], lv denied 14 NY3d 711 [2010]). Although claimant indicates that she is appealing the disciplinary determination, this does not preclude the application of collateral estoppel (see Matter of Morales [Commissioner of Labor], 70 AD3d at 1272). Furthermore, the Board drew its own conclusions that claimant’s behavior, which involved violations of known policies of the employer and were detrimental to the employer’s best interest, constituted disqualifying misconduct for the purpose of unemployment insurance benefits (see Matter of Intini [Commissioner of Labor], 123 AD3d at 1349; Matter of Oakes [Commissioner of Labor], 100 AD3d 1136, 1136 [2012]). Inasmuch as substantial evidence supports the Board’s decision, it will not be disturbed (see Matter of Intini [Commissioner of Labor], 123 AD3d at 1349). Claimant’s remaining contentions are without merit.
Peters, P.J., McCarthy, Devine and Clark, JJ., concur.
Ordered that the decision is affirmed, without costs.