*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 10, 2016                    521451
_____

In the Matter of the Claim of
    MARIA CAMACHO,
                    Appellant.

PUPPY PATHS,
                    Respondent.          MEMORANDUM AND ORDER

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  January 19, 2016

Before:  Peters, P.J., McCarthy, Lynch and Devine, JJ.

_____

        Maria Camacho, Corona, appellant pro se.

        Angela Pulci, Puppy Paths, New York City, respondent
pro se.

_____

        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed November 10, 2014, which ruled that claimant was
disqualified from receiving unemployment insurance benefits
because her employment was terminated due to misconduct.

        On November 19, 2013, claimant was discharged from her job
as a dog walker for failing to walk the dogs for the amount of
time that the employer's clients had requested.  The Unemployment
Insurance Appeal Board found that claimant was disqualified from
receiving unemployment insurance benefits because she lost her
employment due to disqualifying misconduct.  Claimant now
appeals.

We affirm.  "Conduct that is detrimental to an employer's interest and contrary to an established policy has been found to constitute disqualifying misconduct" (Matter of Portis [Commissioner of Labor], 118 AD3d 1195, 1195 [2014] [citation omitted]; see Matter of Cheeseboro [Commissioner of Labor], 84 AD3d 1635, 1636 [2011]).  "Whether a claimant's actions rise to the level of disqualifying misconduct is a factual issue for the Board to resolve, and its determination in this regard will not be disturbed if supported by substantial evidence" (Matter of Okano [Bruno, Gerbino & Soriano, LLP—Commissioner of Labor], 114 AD3d 1128, 1128 [2014]; see Matter of Pratt [Cellular Sales of N.Y. LLC—Commissioner of Labor], 125 AD3d 1026, 1027 [2015]).  The hearing testimony and documentary evidence provide substantial evidence supporting the Board's finding that claimant walked dogs for less than the scheduled length of time, which claimant was aware violated the employer's established policies governing client care and maintaining accurate time sheet records, and that such conduct was detrimental to the employer's best interest.

Peters, P.J., McCarthy, Lynch and Devine, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court