*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 30, 2016                    521486
_____

In the Matter of the Claim of
    OKSANA MYKHASKIV,
                    Appellant.

WESTHAMPTON BEACH UNION FREE             MEMORANDUM AND ORDER
    SCHOOL DISTRICT,
                    Respondent.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  June 3, 2016

Before:  Peters, P.J., Lahtinen, Egan Jr., Rose and Clark, JJ.

_____

        Law Office of Steven Morelli, Garden City (Russell J.
Platzek of counsel), for appellant.

        Eric T. Schneiderman, Attorney General, New York City (Gary
Leibowitz of counsel), for Commissioner of Labor, respondent.

_____

Clark, J.

        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed October 10, 2014, which ruled that claimant was
disqualified from receiving unemployment insurance benefits
because her employment was terminated due to misconduct.

        Claimant was employed as a custodian with a school district
when several charges were preferred against her, including
misconduct and neglect of duty stemming from, among other things,
her failure to comply with her supervisor's directive to assist
in cleaning an area assigned to another coworker who was absent

from work. Following a disciplinary hearing held pursuant to Civil Service Law § 75, the Hearing Officer sustained, among other things, the charge that claimant engaged in misconduct upon a finding that claimant refused to comply with her supervisor's directive to clean a particular area. Based upon the Hearing Officer's findings of fact and recommendation, claimant was discharged from her employment for insubordinate behavior. Thereafter, the Unemployment Insurance Appeal Board denied claimant's subsequent application for unemployment insurance, finding that her employment was terminated due to disqualifying misconduct. Claimant appeals.

Contrary to claimant's contention, the record reflects that she had a full and fair opportunity to litigate the issue of her misconduct at the Civil Service Law § 75 hearing. Claimant was represented at the hearing by an attorney, had a representative from her union present and was afforded an opportunity to testify, present witnesses and cross-examine the employer's witnesses. Under these circumstances, we find that the Board properly gave collateral estoppel effect to the factual findings of the Hearing Officer (see Matter of Ranni [Ross], 58 NY2d 715, 717-718 [1982]; Matter of Intini [Commissioner of Labor], 123 AD3d 1347, 1348 [2014]; Matter of Guynup [County of Clinton—Commissioner of Labor], 106 AD3d 1357, 1358 [2013]). Furthermore, the record confirms that the Board made its own conclusions as to whether claimant's behavior constituted disqualifying misconduct for unemployment insurance purposes (see Matter of Guimarales [New York City Bd. of Educ.—Roberts], 68 NY2d 989, 991 [1986]; Matter of Hopton [Commissioner of Labor], 136 AD3d 1098, 1099 [2016]; Matter of Sona [Commissioner of Labor], 13 AD3d 799, 799 [2004]). To that end, given that insubordinate behavior has been held to constitute disqualifying misconduct, substantial evidence supports the Board's finding that claimant, who had previously been warned about complying with the employer's directives, was disqualified from receiving unemployment insurance benefits (see Matter of Morales [Commissioner of Labor], 70 AD3d 1271, 1272 [2010], lv denied 14 NY3d 711 [2010]; Matter of Agran [Commissioner of Labor], 54 AD3d 479, 480 [2008]; Matter of Sona [Commissioner of Labor], 13 AD3d at 800). Accordingly, the Board's decision will not be disturbed.

Peters, P.J., Lahtinen, Egan Jr. and Rose, JJ., concur.


ORDERED that the decision is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court