State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  November 10, 2016            522512
_____

In the Matter of the Claim of
    KURTISHA V. SCIPIO,
                    Appellant.

                                        MEMORANDUM AND ORDER

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  September 20, 2016

Before:  Peters, P.J., Garry, Rose, Devine and Mulvey, JJ.

_____

        Kurtisha V. Scipio, New York City, appellant pro se.

        Eric T. Schneiderman, Attorney General, New York City
(Bessie Bazile of counsel), for respondent.

_____

        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed December 15, 2014, which ruled that claimant was
disqualified from receiving unemployment insurance benefits
because her employment was terminated due to misconduct.

        Claimant worked as a foster care caseworker for a private
agency for approximately three years, and her duties required her
to prepare progress notes detailing her visits to the homes where
the foster children who she supervised were placed.  Claimant was
aware that the progress notes for one month were not to be copied
and pasted from notes entered the month before.  In January 2014,
claimant was found to have prepared identical progress notes for
the months of December 2013 and January 2014.  In February 2014,
the employer pointed out certain deficiencies in her progress
notes and reminded her that they needed to be prepared anew each
month.  Claimant was then found to have prepared duplicate
progress notes during the months of March 2014 and April 2014,
and her employment was subsequently terminated.  Her claim for

unemployment insurance benefits was ultimately denied by the Unemployment Insurance Appeal Board on the ground that she engaged in disqualifying misconduct. Claimant appeals, and we now affirm.

Whether a claimant has engaged in disqualifying misconduct is a factual issue for the Board, and its decision in this regard will be upheld if supported by substantial evidence (see Matter of Camacho [Puppy Paths–Commissioner of Labor], 137 AD3d 1403, 1404 [2016]; Matter of Manieson [Commissioner of Labor], 119 AD3d 1312, 1313 [2014]). Significantly, a claimant's knowing failure to comply with a reasonable policy of the employer that is detrimental to the employer's interest has been found to constitute disqualifying misconduct (see Matter of Manieson [Commissioner of Labor], 119 AD3d at 1313; Matter of Reyes [Commissioner of Labor], 8 AD3d 878, 878-879 [2004]).

Here, it is undisputed that claimant knew of the employer's policy regarding the manner in which the progress notes were to be prepared and disregarded it on multiple occasions. Although she attributed the duplication of progress notes to a computer problem, this presented a credibility issue for the Board to resolve (see Matter of Manieson [Commissioner of Labor], 119 AD3d at 1313; Matter of Reyes [Commissioner of Labor], 8 AD3d at 879). Moreover, inasmuch as the progress notes could be used as evidence in Family Court proceedings, claimant's actions clearly undermined the integrity of these documents and adversely affected the employer's interests. In view of the foregoing, substantial evidence supports the Board's finding that claimant engaged in disqualifying misconduct, and we find no reason to disturb its decision.

Peters, P.J., Garry, Rose, Devine and Mulvey, JJ., concur.

ORDERED that the decision is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court