*1442 Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 5, 2015, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.
Claimant was employed as an absent reserve teacher for 20 years when the employer filed disciplinary charges under Education Law § 3020-a for engaging in misconduct, conduct unbecoming and/or prejudicial, insubordination and violating the employer’s rules. Following a lengthy hearing, a Hearing Officer with the Department of Education issued a 49-page decision finding, among other things, that claimant had (1) in March 2011, failed to report to or remain at a parent teacher conference to which she was assigned, (2) in September 2011, left a mandatory collaborative inquiry conference to use her cell phone in violation of the employer’s rules and failed to comply with a supervisor’s directive that she stop using her cell phone and return to the conference, and (3) refused, during a phone conversation with an administrator in December 2011, to report to the school to which she had been assigned and screamed and made threats that she might bring a gun to the school and “shoot up everyone.” Based upon the Hearing Officer’s recommendation, claimant’s employment was terminated. The Unemployment Insurance Appeal Board denied claimant’s subsequent application for unemployment insurance benefits on the ground that claimant lost her employment due to misconduct. Claimant appeals.
Claimant primarily challenges the Hearing Officer’s factual and credibility determinations, and argues that evidentiary errors were made at the disciplinary hearing. It does not appear that claimant appealed that disciplinary determination and her challenges to the merits of that determination may not be raised in this unemployment insurance proceeding. Moreover, the record reflects that claimant was represented by an attorney at the hearing who had the opportunity to present evidence and witnesses and to cross-examine the employer’s witnesses, and that claimant testified at length with regard to the charges. As claimant had a full and fair opportunity to litigate the charges of misconduct at that hearing, the Board properly gave collateral estoppel effect to the Hearing Officer’s factual determinations (see Matter of Guimarales [New York City Bd. of Educ.—Roberts], 68 NY2d 989, 991 [1986]; Matter *1443 of Ranni [Ross], 58 NY2d 715, 717-718 [1982]; Matter of Hopton [Commissioner of Labor], 136 AD3d 1098, 1099 [2016]; Matter of Intini [Commissioner of Labor], 123 AD3d 1347, 1348 [2014]). Further, having properly taken into account those factual findings with regard to claimant’s misconduct, the Board was entitled to make its own independent conclusions as to whether her behavior constituted disqualifying misconduct for purposes of unemployment insurance benefits (see Matter of Guimarales [New York City Bd. of Educ.—Roberts], 68 NY2d at 991; Matter of Mykhaskiv [Westhampton Beach Union Free Sch. Dist.—Commissioner of Labor], 140 AD3d 1567, 1568 [2016]). To that end, insubordinate behavior (see Matter of Mykhaskiv [Westhampton Beach Union Free Sch. Dist.—Commissioner of Labor], 140 AD3d at 1568), actions detrimental to an employer’s interests and violating the employer’s known policies (see Matter of Hopton [Commissioner of Labor], 136 AD3d at 1099), and threatening behavior (see Matter of Pierre [FJC Sec. Servs., Inc.—Commissioner of Labor], 141 AD3d 1069, 1069-1070 [2016]) have been recognized as disqualifying misconduct. As the Board’s decision to give collateral estoppel effect to the factual findings in the disciplinary determination was not affected by an error of law and its determination that claimant had committed disqualifying misconduct was supported by substantial evidence, it will not be disturbed (see Matter of Guimarales [New York City Bd. of Educ.—Roberts], 68 NY2d at 991-992; Matter of Mykhaskiv [Westhampton Beach Union Free Sch. Dist.—Commissioner of Labor], 140 AD3d at 1568; Matter of Hopton [Commissioner of Labor], 136 AD3d at 1099). Claimant’s remaining contentions also lack merit.
Peters, P.J., Garry, Egan Jr., Mulvey and Aarons, JJ., concur.
Ordered that the decision is affirmed, without costs.