■ In the Matter of the Claim of PATRICIA A. SCHAEFER, Appellant. COMMISSIONER OF LABOR, Respondent. [52 NYS3d 919]—

Garry, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 10, 2015, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant, a bus driver with a school district, was charged with misconduct stemming from her alleged mismanagement of students on her bus during an incident in October 2014, being uncooperative with school district personnel during a field trip and calling a parent of a student and requesting that the student wait for the bus at an unapproved bus stop without permission from the school district. Following a disciplinary hearing held pursuant to Civil Service Law § 75, the Hearing Officer sustained the charges related to the mismanagement of students and contacting the parent, but dismissed the charge related to being uncooperative during the field trip. Noting that claimant had received prior parental complaints, counseling memos from the school district and performance evaluations that were all critical of her student management skills, the Hearing Officer recommended that claimant be discharged. Claimant was thereafter terminated from her position and she applied for unemployment insurance benefits. The Unemployment Insurance Appeal Board denied the application, finding that claimant had been terminated due to misconduct. Claimant appeals.

We affirm. "[A]s claimant had a full and fair opportunity to litigate the issue of misconduct at the disciplinary hearing, the Board properly accorded collateral estoppel effect to the Hearing Officer's factual findings" (*Matter of Sona [Commissioner of Labor]*, 13 AD3d 799, 799 [2004]; *accord Matter of Morales [Commissioner of Labor]*, 70 AD3d 1271, 1272 [2010], *lv denied* 14 NY3d 711 [2010]). Moreover, the Board made its own conclusions as to whether claimant's behavior, which included creating a hostile environment for a student on her bus and failing to follow a known policy of the employer, constituted disqualifying misconduct for unemployment insurance purposes (*see Matter of Mykhaskiv [Westhampton Beach Union Free Sch. Dist.— Commissioner of Labor]*, 140 AD3d 1567, 1568 [2016]; *Matter of Hopton [Commissioner of Labor]*, 136 AD3d 1098, 1099 [2016]). The Board's decision is supported by substantial evidence, and it will not be disturbed (*see Matter of Hopton [Commissioner of Labor]*, 136 AD3d at 1099; *Matter of Intini [Commissioner of Labor]*, 123 AD3d 1347, 1349 [2014]). Claimant's remaining contentions, to the extent they are properly before us, have been considered and found to be without merit.

Peters, P.J., Devine, Mulvey and Aarons, JJ., concur. Ordered that the decision is affirmed, without costs.