Matter of Stewart (Mta Bus Co.--Commissioner of Labor) (2019 NY Slip Op 06039)





Matter of Stewart (Mta Bus Co.--Commissioner of Labor)


2019 NY Slip Op 06039


Decided on August 1, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 1, 2019

527915

[*1]In the Matter of the Claim of JANIE STEWART, Respondent. MTA BUS COMPANY, Appellant. COMMISSIONER OF LABOR, Respondent.

Calendar Date: June 21, 2019

Before: Garry, P.J., Egan Jr., Lynch, Clark and Mulvey, JJ.


MTA Bus Company, New York City (Gabriella Palencia of counsel), for appellant.
Thomas F. Garner, Middleburgh, for Janie Stewart, respondent.



MEMORANDUM AND ORDER
Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 19, 2018, which ruled that claimant was entitled to receive unemployment insurance benefits.
Claimant worked for the employer as a bus driver for approximately five years. In March 2017, an undercover dispatcher was assigned to monitor claimant and was present on her bus when he observed her make an unsafe lane change and fail to make required announcements. When claimant learned of the dispatcher's identity, she became insubordinate and allegedly used profanity in addressing him. As the result of this incident, the employer brought disciplinary charges against claimant seeking her termination. In May 2017, the disciplinary charges were resolved by an arbitrator who concluded that, although claimant had engaged in inappropriate behavior, her discharge was not warranted. When claimant returned to work at the end of June 2017, she informed the employer that she suffered from asthma, rendering her incapable of driving a bus, and requested that she be assigned to a desk job. The employer did not have a desk job to offer claimant, and claimant did not return to work.
Claimant applied for and received unemployment insurance benefits during the periods that she was not working. The Department of Labor subsequently issued initial determinations that, among other things, disqualified claimant from receiving benefits, effective March 28, 2017 through June 20, 2017, on the basis that she lost her employment through misconduct and charged her with a recoverable overpayment of benefits. Claimant requested a hearing, after which the Administrative Law Judge overruled the initial determinations and found that claimant was entitled to receive benefits. The Unemployment Insurance Appeal Board later upheld this decision, and the employer appeals.
The employer contends that the Board should have accorded collateral estoppel effect to the arbitrator's findings that claimant engaged in misconduct and disqualified her from receiving unemployment insurance benefits on this basis. Initially, claimant had a full and fair opportunity [*2]to litigate the issue of misconduct during the disciplinary proceedings, and the record reveals that the Board properly gave collateral estoppel effect to the arbitrator's factual findings with respect to this issue (see Matter of Schaefer [Commissioner of Labor], 151 AD3d 1140, 1141 [2017]; Matter of Telemaque [Commissioner of Labor], 148 AD3d 1441, 1442 [2017]). The Board, however, was entitled to draw its own conclusions as to whether claimant's actions amounted to disqualifying misconduct, as this "posed a factual question for the Board, 'and not every mistake, exercise of poor judgment or discharge for cause will rise to the level of misconduct'" (Matter of Stack [City of Glens Falls-Commissioner of Labor], 165 AD3d 1362, 1364 [2018], quoting Matter of Humphreys [Cayuga Nation of Indians-Commissioner of Labor], 153 AD3d 1017, 1017 [2017]). Upon our review of the record, we find that substantial evidence supports the Board's conclusion that claimant's actions amounted to poor work performance and did not rise to the level of disqualifying misconduct (see Matter of Cardenas [Metropolitan Cable Communications, Inc.-Commissioner of Labor], 118 AD3d 1234, 1234-1235 [2014]; Matter of Marc [League Treatment Ctr. & Joan Fenichel Therapeutic Nursery-Commissioner of Labor], 93 AD3d 991, 992 [2012]). We have considered the employer's remaining contentions, including that claimant made material false statements to obtain benefits, and find them to be unavailing.
Garry, P.J., Egan Jr., Lynch, Clark and Mulvey, JJ., concur.
ORDERED that the decision is affirmed, without costs.